**W. M. FAY, trading as Borderland Salvage Company, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16831.**

United States Court of Appeals Fifth Circuit.

April 2, 1958.

James M. McEwen, McEwen & Cason, Tampa, Fla., for appellant.

James L Guilmartin, U. S. Atty., Robert F. Nunez, III, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment in favor of the United States against Fay for $9,254.16 with 6% interest from June 15, 1950, and with $41.40 court costs. The Fort Worth, Texas, Quartermaster Depot invited written bids for the purchase of certain property upon prescribed terms and conditions. Those pertinent to the present action are quoted in the margin.[1]

Fay's bid was accepted for 31,149 five-gallon drums at $22,486.80; that is sev-

1. "1. Deposits or Bonds to Accompany Bid. Unless otherwise specified, bids must be accompanied by cash, certified check or postal money order made payable to the Treasurer of the United States, bonds or notes of the United States (at par value) deposited in accordance with Treasury Department Regulations (see PR 423.1) or a bid bond on the standard Government form (U.S. Standard Form 24), in an amount equal to at least 20 percent of the total sum of the bid. If the bidder does not receive an award, or if a deposit of cash, certified check, postal money order or United States bonds or notes exceeds the total sum bid on the items accepted by the Government, such deposit or the excess thereof will be promptly returned to the bidder or purchaser. In other cases, the amount inclosed with the bid will be retained as a guaranty for the faithful performance of all the terms and conditions of the purchase. PROVIDED, HOWEVER, That if a bid bond is submitted it must be replaced, immediately upon the acceptance of the bid, by a performance bond on U.S. Standard Form 25 in an amount equal to the penal sum of the bid bond, or the bidder may deposit cash, certified check or postal money order made payable to the Treasurer of the United States or bonds or notes of the United States (at par value) deposited in accordance with Treasury Department Regulations, but such performance bond or deposit shall not in any event exceed 100 percent of the award: AND PROVIDED, FURTHER, That if the deposit consists of cash, certified check, postal money order or United States bonds or notes, and the contract, by its terms, cannot be performed in less than 30 days, the purchaser shall have the option of substituting a performance bond on U. S. Standard Form 25 in an amount equal to the amount of such deposit.

\* \* \* \* \*

"7. SALE OF PROPERTY 'WHERE IS': DELIVERY. Unless otherwise specified, the property is sold 'where is,' delivery shall be at the present location of the property, and removal shall be accomplished by the Purchaser at its expense; unless the Purchaser removes the property from such location within 10 days (or such other time as may be specified herein) after the date of the Government's Acceptance, the Government shall have the right to dispose of the property and hold the Purchaser responsible for any loss incurred by the Government as a result of the failure to pay for or remove the property; the time of removal, and such other details of removal as may not be provided for herein, shall be arranged with the Contracting Officer. Unless otherwise specified herein, payment in full must be made prior to removal of any property or immediately subsequent to weighing if weighing is necessary pursuant to General Provision 9.

\* \* \* \* \*

"12. PAYMENT. If a deposit has been made, it will be applied against the total balance due. Payment of the balance, or of the full amount due from the Purchaser where no deposit has been required, shall be made by cash, or by certified check, bank draft, postal money order, or irrevocable letter of credit, payable to the Treasurer of the United States, in accordance with the Delivery provisions hereof.

\* \* \* \* \*

"16. DISPUTES. Except as otherwise specifically provided in this Contract, all disputes concerning questions of fact which may arise under this Contract, and which are not disposed of by mutual agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail a copy thereof to the Purchaser. Within thirty (30) days from said mailing the Purchaser may appeal to the Secretary of War, whose decision or that of his designated representative, representatives, or board shall be final and conclusive upon the parties hereto. Pending decision of a dispute hereunder the Purchaser shall diligently proceed with the performance of this Contract."

enty-five cents per drum with some adjustments. A bid bond in the amount of $7,000.00 accompanied his bid. In the letter notifying Fay that his bid had been accepted, he was requested to forward "cashier's check, certified check, or money order" for the amount due, and to remove the drums within ten days from April 26, 1950.

Instead, Fay sent his truck and driver to the depot to take away the drums, but with only a performance bond. The Contracting Officer refused to accept that bond in lieu of payment, and notified Fay on May 9, 1950 that the drums would be disposed of, and that Fay might be liable for any loss incurred by the United States from his failure to fulfill the terms of the contract. Fay acknowledged receipt of the notice, but did not tender payment. His attorney's affidavit submitted in opposition to the motion for summary judgment states in part:

"Mr. Fay sent me as his attorney to see the Colonel and after conferring with the Colonel and two of the officers under his command, it was agreed that the cans would be again put out on bids. I informed the Colonel at that time that I was afraid that this information would some way leak out to others and that the next bids might be very low and, therefore, Mr. Fay would be liable on his original bid bond. The Colonel assured me that no bid would be accepted for less than Seventy Cents ($0.70) a can and that the most of (sic) Mr. Fay could lose was Fifteen Hundred Dollars ($1,500.00)."

The drums were sold at bid for slightly more than forty-two cents per drum, or a total of $13,232.64, which was $9,254.16 less than the amount offered by Fay and accepted by the United States. Fay refused to pay the loss, and this action followed.

The specification of errors reads:

"The appellant specifies as error the failure and refusal of the lower court to hear the case upon its merits and to conclude that the appellant was within his rights to accept the word of the Colonel in charge and rely upon his assurance that a sale would not occur for the figure agreeable, and further specifies as error the refusal of the Colonel in charge to accept the bid bond in lieu of cash, either by virtue of the contract or by way of custom."

We agree with the district court that the terms of the contract are clear and unambiguous. By provision Number 7, quoted in Footnote 1, *supra*, "payment in full" was required "prior to removal of any property." Clearly, we think, that means payment in the full amount of the bid, and not merely for the property removed.[2] Further, the affidavit of Fay's attorney, from which we have quoted, states that "* * * it was agreed that the cans would be again put out on bid."

Fay's main complaint is that on resale the cans brought much less than seventy cents a can, and that, according to his attorney's affidavit, the Colonel in charge of the Quartermaster Warehouse had assured him that no bid for less than that amount would be accepted.[3]

The Colonel had no real or apparent authority to abrogate or amend the terms of the written contract. If his claimed assurance was thought to be material, the subsequent acceptance of the low bid indicated a dispute concerning a question of fact which should be

2. There is no showing that Fay tendered payment even for the drums which he proposed to remove, though his attorney's affidavit states: "It was his intention to pay for the cans as they were taken out, but the performance bond would guarantee that the entire stock would be paid for if the balance of the cans were not taken out." Such a statement of intention would not be admissible in evidence, and under Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A., cannot be considered in opposition to the motion for summary judgment.

3. The affidavit shows also that the Colonel informed the attorney "that he was being transferred to some place in Korea."

settled administratively by the Contracting Officer with the right of the purchaser to appeal to the Secretary of War as set forth in Provision Number 16 of the contract quoted in Footnote 1, *supra*. Fay did not avail himself of this possible administrative remedy for relief from the strict terms of the contract.

We think that the district court properly found that: "* * * there is no genuine issue as to any material fact, and that defendant has raised no defense sufficient as a matter of law; and that plaintiff is entitled to a judgment as a matter of law * * *." The judgment is therefore

Affirmed.