SHERBER, ETC., PLAINTIFF-APPELLEE, v. O'GRADY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25572. Decided June 29, 1961.

*Mr. Ronald M. Rubenstein*, for plaintiff-appellee.
*Messrs. Wyner & Wyner, Mr. Milton H. Wyner*, of counsel, for defendant-appellant.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Municipal Court of Cleveland. The action is based on an alleged cognovit note upon which judgment was entered without notice. A motion to vacate the judgment was filed and upon trial of the issues presented by the motion, the trial court held, as shown by the journal entry, that the defendant did not present a

defense to the note, overruled the motion and ordered the judgment into effect. This is the order from which this appeal is taken.

The defendant, who was President of the Warren Health Club, an Ohio Corporation (in the record by stipulation) purchased from the plaintiff on behalf of the Health Club, three hundred and twelve yards of cotton carpet and floor padding for a total purchase price of thirteen hundred seventy-one dollars and ninety-six cents ($1371.96). A five hundred dollar payment ($500.00) on account was made at the time the order was placed, leaving a balance of eight hundred seventy-one dollars and ninety-six cents. ($871.96). The order contained a statement that the balance was to be due April 30, 1959.

The form upon which the order for the carpet was placed with the plaintiff was a printed form in general use by the plaintiff. By the order written on such form, it is disclosed that the carpet was "sold to Warren Health Club." The plaintiff testified that he placed the home address of the defendant and his telephone number on the order which also shows that the carpet and padding was to be delivered to 2802 W. Market Street, Austin Village Shopping Center, Ohio State Route 5, Warren, Ohio. The exhibits show that delivery was made as indicated by Motor Express.

The order blank on which it is clearly shown that the purchaser was "Warren Health Club" had printed, at the bottom and below a double line, the form of a cognovit note. The defendant's signature designating him to be President, was signed on the line provided for the signature of the maker of the note if a note was required by the agreement of the parties, or for confirming the order, in case a note was not to be executed, to evidence the balance due. The blank spaces contained in the note form were not filled in when the order was placed and signed and there is no evidence that a note was requested. The plaintiff testified that on the day the cognovit judgment was taken, he cut-off that part of the order blank containing the form of the cognovit note (which contained the signature "J. R. O'Grady, Pres.") from the upper part of the written order and filled in the blanks. The blank at the beginning of the first line of the note was filled in by the words

"On April 1, 1959" and the words "days after date" following this blank, were crossed out. The date line at the bottom of the form was also filled in by the words "March 27, 1959." The date when the balance was to be due, as filled in by the plaintiff on the note, was in direct conflict with the notation on the order which stated the due date of the order was April 30th, not April 1st. There is no evidence in the record that this change in the contract of purchase was authorized by the defendant.

The testimony of the plaintiff that "he considered that he was dealing with the defendant personally" which was objected to by the defendant, was clearly inadmissible as a conclusion of fact and the court committed prejudicial error in not sustaining such objection. This testimony was of no probative value whatsoever.

The only other evidence presented by the plaintiff, as shown by the record, concerning the signing of the order or note, was given by one of the plaintiff's employees who testified that he "heard the plaintiff ask the defendant to sign the note personally." The manner in which the blank note or form was signed does not support this statement. In fact, this evidence is in direct conflict with the plaintiff's evidence (by which he is completely bound) showing that the signature of the defendant was signed in a representative capacity and that the goods were sold to the "Warren Health Club." Since the order for the carpet was received from the Warren Health Club and since the signature appearing at the bottom of the order authorizing the order or note (if one was intended) was that of J. R. O'Grady, Pres., it must necessarily follow that the defendant signed in his representative capacity as President of the Warren Health Club.

The cutting off of the note form from the order blank, the absence of which would completely destroy the exemplification of the representative capacity in which the order was signed, was an unauthorized alteration or mutilation of the note.

Under the provisions of Section 1301.22, Revised Code, that one who signs a promissory note in a representative capacity is not liable on the instrument if he was authorized to act in a representative capacity, is clearly applicable on the undisputed

facts here presented. There is no evidence in this record disputing the fact that the defendant was authorized to pledge the credit of the Warren Health Club, a Corporation, for the purchase of carpet. The latter part of this section providing that the addition of descriptive words as agent of an undisclosed principal when signing a promissory note does not exempt the signer from personal liability has no application under the undisputed facts presented. Here the principal was disclosed.

Section 1303.39, Revised Code, is also applicable. This section provides that by an unauthorized material alteration of a promissory note the note is thereby avoided.

The claim of error that the judgment is contrary to law, therefore, is properly taken and established by the record.

The judgment is, therefore, reversed and final judgment entered for the defendant.

KOVACHY, P. J., and HURD, J, concur.