263 A.2d 698.

JACK FEINERMAN *vs.* MORRIS NATELSON *et al.*

APRIL 2, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. Jack Feinerman commenced this civil action in the Superior Court against Morris Natelson, Lehman Brothers, a partnership, and Commerce Oil Refining Corporation, a Delaware corporation. The complaint alleges that on or about June 10, 1968, Commerce and Lehman,

by their respective authorized agents and representatives, gave Feinerman an option to purchase all of Commerce's capital stock; that he exercised that option, and that the defendants have refused to perform. He seeks either specific performance of the contract or damages for its breach. The actions against the defendants Natelson and Lehman were dismissed on the ground of improper service of process. The defendant Commerce then moved for a summary judgment, and supporting and opposing affidavits were filed by the parties. The trial justice granted the motion, and Feinerman appealed.

Feinerman assigns error on the ground that the affidavits clearly presented a triable issue, namely, whether or not Commerce had authorized anyone to enter into the option agreement with him. Addressing itself to that issue, in its affidavit Commerce denied both executing the option agreement and authorizing anyone to execute the agreement on its behalf. The Feinerman affiant, on the other hand, asserted that Commerce had entered into the agreement through its duly authorized agents and that he had understood and believed that they were so authorized because of the "* * * allegations of defendants and a course of business conduct consistent with such relationship." The respective averments were controverting, Feinerman concludes, and therefore created a genuine issue of material fact which could only be disposed of at trial.

The question is the effectiveness of the affidavits, and in testing for sufficiency we look to Rule 56(e) of the Superior Court Rules of Civil Procedure. That rule explicitly states that an affidavit, whether supporting or opposing, shall be effective or available for the determination of whether there is a triable issue only if it is made on personal knowledge, if it sets forth specific facts that are admissible in evidence, and if it shows affirmatively that the affiant is competent to testify to the matters stated there-

in. In sum, the requirement is that an affidavit, if it is to be effective and useful, must contain statements which, if offered from the witness stand, would be admissible in evidence. *Union Ins. Soc. of Canton, Ltd.* v. *William Gluckin & Co.*, 353 F.2d 946, 952; *Doza* v. *American Nat. Ins. Co.*, 314 F.2d 230, 232; *Jameson* v. *Jameson*, 176 F.2d 58, 60; *Walling* v. *Fairmont Creamery Co.*, 139 F.2d 318, 322. We test the affidavits in this case within the framework of these general principles.

The sufficiency of the Commerce affidavit poses no problem. It categorically states that the option agreement was not executed by Commerce or by any person authorized to act in its behalf. These averments came from Commerce's treasurer, and there is no suggestion that he could not have so testified from the witness stand. If uncontroverted, they would defeat Feinerman's claim.

Feinerman's affidavit stands in a different light. It was made by a person who acted in his behalf in the alleged Commerce transaction. Its assertions, although technically and literally in conflict with the statements in the Commerce affidavit, are not evidentiary. They speak of Commerce's "allegations" and its "course of business conduct" as fostering an understanding and belief that those who purported to act on its behalf were duly authorized, but they do not relate the nature of those "allegations," nor do they describe or outline even in general terms defendant's "course of business conduct." Instead, they testify only to the conclusion of the agency relationship as an ultimate fact, rather than to the circumstances which might be shown in proof of its existence; they would therefore not be admissible to establish the existence of the relationship, whether testified to by an agent. *Baldwin* v. *Higgins*, 68 R. I. 324, 330, 27 A.2d 345, 347; *Martin* v. *St. Aloysius Church*, 38 R. I. 339, 358, 95 A. 768, 774, or by one in Feinerman's position. *Sherber* v. *O'Grady*, 113 Ohio App. 547,

175 N.E.2d 864; *Commercial Standard Ins. Co.* v. *Rinn*, 100 Colo. 76, 79-80, 65 P.2d 705, 707.; *Midland Linseed Co.* v. *American Liquid Fireproofing Co.*, 183 Iowa 1046, 1054-55, 166 N. W. 573, 575-76. Because the statements contained in the affidavit would be inadmissible in evidence, they are unavailable to establish a triable issue of fact. *Gallo* v. *National Nursing Homes, Inc.*, 106 R. I. 485, 261 A.2d 19.[1]

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Sheffield & Harvey, Brian G. Bardoff, Andrew M. Brown, Jr.*, for plaintiff.

*Letts & Quinn, Daniel J. Murray, Jerome B. Spunt*, for Commerce Oil Refining Corporation, defendant.

---

[1]The facts of *Gallo* were close to those in this case. There the plaintiff sought to charge the defendant on a contract allegedly entered into on its behalf by an agent. The defendant moved for summary judgment and plaintiff, in his opposing affidavit, asserted that the alleged agent had been "acting either as agent or contractor" of the defendant. Holding an affiant to the requirement of offering "something more than conclusionary statements" we found the affidavit ineffective and we said that a "* * * statement, completely unaccompanied by a recitation of facts tending to prove the agency relationship, amounts to a mere, unsupported conclusion."