264 A.2d 332.

HAROLD GORDON *vs.* IDE, INC.

APRIL 13, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   The plaintiff in this civil action seeks reformation of a real estate mortgage deed in which he is the mortgagee and the defendant the mortgagor.   While the instrument in question is entitled "Mortgage Deed," it does not recite the conditions upon which it was made, nor does it contain a power of sale.   The plaintiff says that the failure to include such provisions was contrary to the mutual intent of the parties, and he asks that the deed be reformed so that it will incorporate by reference

the statutory mortgage condition and the statutory power of sale prescribed in G. L. 1956, §§34-11-21 and 34-11-22 respectively. In addition, the complaint alleges that the mortgage debt is in default, and the complaint seeks permission to foreclose in the manner provided for by the statutory power of sale. The plaintiff's motion for summary judgment was granted by a Superior Court justice, and judgment entered directing reformation and authorizing foreclosure. The defendant appeals.

The plaintiff supported his motion for summary judgment with an affidavit. The defendant, however, did not come forward with any materials, by affidavit or otherwise, to show that there was a genuine issue of material fact. Neither did it offer any reason for its failure to present facts essential to a justification of its opposition. Its neglect in these respects left the case in a posture where the trial justice's duty was to test plaintiff's affidavit for sufficiency under Rule 56(e) of the Superior Court Rules of Civil Procedure; and then, if it measured up, to ascertain whether under Rule 56(c) it established that there was no triable issue and that plaintiff was entitled to judgment as a matter of law.

We look then to plaintiff's affidavit.[1] It repeats, but in greater detail, the allegations contained in the complaint. The essential averments are that on April 8, 1969, defendant corporation, by its duly authorized president, executed and delivered to plaintiff a real estate mortgage as security for a loan of $16,000, and that it was the intention of both parties to the transaction that the document which they executed would be a mortgage with the statutory conditions and power of sale included. It is solely upon

---

[1] We overlook the fact that the affidavit, although it refers to the mortgage and the note, does not heed that portion of Rule 56 (e) which requires that sworn or certified copies of all material documents referred to in an affidavit shall be attached thereto or served therewith.

these assertions that plaintiff relies to establish mutual mistake.

We test the effectiveness and usefulness of the assertions to accomplish that purpose by inquiring whether, if offered from the witness stand, they would be admissible in evidence. *Feinerman* v. *Natelson*, 106 R. I. 773, 263 A.2d. 698. In our judgment they fall short.

The initial difficulty is that the affidavit attempts to describe the state of mind of a person who acted for defendant in the negotiations leading to the execution and delivery of the mortgage without clearly identifying that person. Such an assertion lacks testimonial competence because clearly the affiant could not have testified from the witness stand concerning defendant's intentions without identifying who had formed and manifested that intention on its behalf.

It may, of course, be argued that the statement in the affidavit naming defendant's president as the person who executed the mortgage deed and note clearly implied that he was also the person who, on its behalf, intended that the statutory conditions and power of sale be included in the mortgage. But even that indulgent construction will not assist plaintiff since his affidavit is otherwise faulty. This is so because the affiant offers his conclusionary impression on the critical issue of what specific mortgage conditions and what particular form of power of sale were intended to be included in the mortgage deed, without supporting that impression with a recitation of the statements, declarations, actions or other external manifestations that led him to conclude that this was in the mind of the person who acted for defendant. His averments are conclusory as to the ultimate issue of defendant's intention, rather than evidentiary, and they would have been inadmissible if offered from the witness stand. *Fay* v. *United States*, 253 F.2d 936, 938 n.2; *McWhorter* v. *Employers Mutual Casu-*

*alty Co.,* 28 Wis.2d 275, 281-82, 137 N.W.2d 49, 52; *Fenner* v. *Tucker,* 213 N. C. 419, 424, 196 S.E. 357, 360. They are, therefore, ineffective and unsuitable to establish that there was no triable issue of material fact and that the plaintiff was entitled to judgment as a matter of law.

The defendant's appeal is sustained, and the summary judgment appealed from is reversed.

*Friedman, Kramer & Kessler, Stephen A. Gordon,* for plaintiff.

*Israel Moses,* for defendant.