293 A.2d 301.
CLAIRE BERNIER DiCRISTOFARO *vs.* ALFRED BEAUDRY *et al.*

JULY 10, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action the plaintiff seeks partition of a parcel of real estate, located in the town of Coventry, in which she claims an undivided one-half interest in fee. In addition she asks that a mortgage on that property be declared null and void with respect to her interests therein. The defendants are Alfred Beaudry, his wife, Mary, and the Centreville Savings Bank. The Beaudrys claim title in fee to the land in controversy and the bank holds under a mortgage from them. In the Superior Court the defendants' motion for summary judgment was granted and the plaintiff's motion to expunge certain affidavits filed by the defendants was denied. The plaintiff has appealed from both rulings.

The uncontroverted facts upon which the summary judgment was based may be briefly stated. In 1966 Cecile M. Bernier was the owner of the real estate involved in this litigation. She died on March 21 of that year and in the only dispositive clause of her will she devised and bequeathed absolutely and in fee simple to her children, Richard A. and Ronald L. Bernier, in equal shares, all the residue and remainder of her estate, real, personal and mixed, of which she might die seized or possessed. Her will was admitted to probate on April 11, 1966, and her son, Richard, thereafter qualified as the sole executor.

On May 25, 1966 plaintiff attached all of Richard's right, title and interest in the property in question. About nine months later, on March 6, 1967, Richard, in his capacity as executor under his mother's will, petitioned the Coventry Probate Court, under G. L. 1956, §33-12-6 as amended by P. L. 1962, ch. 127, sec. 1, now G. L. 1956 (1969 Reen-

actment) §33-12-6[1], "* * * for authority to Sell the interest of the deceased in the [subject] real estate * * * to raise the sum of $11,600.00 for the purpose of effecting a prompt and efficient settlement of the Estate." The petition was granted on April 10, 1967, and on the following day Richard, in consideration of $11,600, executed and delivered an executor's deed which purported to convey a fee interest in the realty to his brother, Ronald, and to Ronald's wife, Roberta, as joint tenants. They, in turn, on March 16, 1970 conveyed their entire interest in that property to defendants, Alfred and Mary Beaudry, who then mortgaged the property to the Centreville Savings Bank.

About a year later plaintiff, by then a judgment creditor of Richard's, caused the sheriff to levy an execution upon his "estate, right, title, interest and property" in the real estate. At a sheriff's sale held on July 16, 1971, the property was sold to plaintiff, the highest bidder. She received and duly recorded a sheriff's deed which conveyed to her whatever estate, right and interest Richard had in the property at the time it was attached.[2] Relying on that

---

[1]That section reads as follows:

"The executor or administrator may sell the real estate of a deceased person despite the sufficiency of the personal property to pay the debts, funeral expenses and the items above enumerated whenever in the discretion of the probate court such action seems desirable in effecting a prompt and efficient settlement of the estate; provided, however, that such authority shall not be given with reference to real estate specifically devised, unless the specific devisees consent in writing thereto."

[2]The controlling statute is G. L. 1956 (1969 Reenactment) §9-26-16 which in pertinent part provides:

"* * * said officer shall sell [the real estate levied upon], or so much thereof as shall be sufficient to satisfy the judgment obtained and the costs and charges, at public auction, and a deed thereof, by him given, shall vest in the purchaser all the estate, right and interest which the debtor had therein at the time said estate was attached, or in case there was no attachment, all the estate, right and interest which the debtor had at the time said levy was made * * *."

deed plaintiff now claims ownership in an undivided one-half interest in the property.

Initially, plaintiff claims that it was error for the trial justice to refuse to expunge from the record two affidavits attached to defendants' motion for summary judgment. In the affidavits attorney-affiants detail what they found when they searched the title to the property and, in addition, express their own legal opinions, as well as those of other attorneys and title company officials, that the executor's 1967 deed to the property divested Richard's inherited interest therein and eradicated plaintiff's attachment thereon.

The plaintiff argues that these affidavits were not the place for legal conclusions and that Super. R. Civ. P. 56(e) so provides. It requires that an affidavit be made on the personal knowledge of the affiant, that it set forth only facts that would be admissible in evidence, and that it affirmatively show that the affiant is competent to testify to the matters stated therein. *Gordon* v. *Ide, Inc.*, 107 R. I. 9, 11, 264 A.2d 332, 333 (1970); *Feinerman* v. *Natelson*, 106 R. I. 773, 774-75, 263 A.2d 698, 699 (1970).

Application of these principles, plaintiff concludes, obviously renders ineffective and unavailable for summary judgment proceedings the legal conclusions and beliefs expressed in these affidavits. *Engelhard Industries, Inc.* v. *Research Instrumental Corp.*, 324 F.2d 347 (9th Cir. 1963); *United States* v. *Britten*, 161 F.2d 921 (3d Cir. 1947); *Walling* v. *Fairmont Creamery Co.*, 139 F.2d 318 (8th Cir. 1943); 3 Barron & Holtzoff, *Federal Practice and Procedure* (Rules ed.) §1237 at 164-65 (Wright rev. ed. 1958); 6 Moore, *Federal Practice* ¶56.22[1] at 2808 (2d ed. 1971).

While we agree generally with plaintiff's argument, we are not prepared to say that the failure of a portion of an affidavit to conform to the prescribed limitations means that the entire affidavit must be expunged. Instead, in that kind of situation courts should disregard the incompetent

portions and consider only that which has been properly included. *William J. Kelly Co.* v. *Reconstruction Finance Corp.,* 172 F.2d 865 (1st Cir. 1949); *Cromwell* v. *Hillsborough Tp.,* 149 F.2d 617 (3d Cir. 1945); *Banco de Espana* v. *Federal Reserve Bank,* 114 F.2d 438, 445 (2d Cir. 1940).

Here the trial justice complied with this principle. He recognized that legal opinions had no place in the affidavits, and in deciding defendants' motion for summary judgment he relied only upon the assertions properly includable therein. It was, therefore, not error for him to refuse to expunge the affidavits.

The question that remains is whether defendants' affidavits, stripped of their legal conclusions and confined to their uncontroverted factual averments, entitled defendants to summary judgment as a matter of law. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 238 A.2d 742 (1968). We approach that question by looking to the statute (G. L. 1956 [1969 Reenactment] §33-12-6.) under which the Probate Court purported to act when it authorized the sale of the decedent's real estate. It provides that an executor or an administrator may sell a decedent's real estate, despite the sufficiency of the personal property to pay the decedent's debts and the administration expenses of his estate, whenever the Probate Court in its discretion deems that action desirable in order to effect a prompt and efficient settlement of the estate. It then goes on to provide that such authority shall not be given with reference to real estate specifically devised, unless the specific devisees consent in writing thereto.[3]

The limitation imposed by the statute is apparent. Notwithstanding its broad grant of authority to Probate Courts to authorize a sale for the stated purposes, a prerequisite to the exercise of that jurisdiction with respect to specifically devised real property is the written consents of the devisees.

[3]See n. 1.

Nothing in the papers before us, however, evidences that the necessary consents were obtained. It is, of course, true that one of the devisees, in his capacity of executor, executed the deed, and that the other devisee purchased the property. Those facts in and of themselves, however, do not satisfy the statutory mandate that there be written consents.

While those consents would be unnecessary if the devise of the subject property were general, there are evidentiary gaps in the affidavits and their limited assertions do not point unerringly in the direction of either specificity or generality. This inconclusiveness suggests that a determination of whether the devise is general or specific may turn on evidence to be adduced at a trial. *Haslam* v. *de Alvarez*, 70 R. I. 212, 38 A.2d 158 (1944); *In re Martin*, 25 R. I. 1, 54 A. 589 (1903).

In the circumstances, the limited facts disclosed in the papers fail to establish defendants' right to judgment with such clarity as to leave no room for controversy. *Slefkin* v. *Tarkomian, supra.*

The plaintiff's appeal is sustained and the summary judgment appealed from is reversed.

*Ralph Rotondo*, for plaintiff.

*Paul E. Brodeur*, for Centreville Savings Bank; *Robert R. Afflick*, for Alfred and Mary Beaudry, defendants.