Thomas P. NICHOLA

v.

FIAT MOTOR CO., INC. et al.

80–410–Appeal.

Supreme Court of Rhode Island.

July 26, 1983.

Frederic C. Crowley, Pawtucket, for plaintiff.

Stephen B. Lang and Gerald C. DeMaria, (Higgins, Cavanagh & Cooney), Providence, for defendants.

## OPINION

MURRAY, Justice.

This is a wrongful-death action brought by an administrator on behalf of his deceased son's estate. The defendants, Fiat Motor Co., Inc., and Fiat Spa of Italy, filed a motion for summary judgment, which was granted. The plaintiff now appeals from the judgment granting the defendants' summary-judgment motion and from the denial of his motion to vacate that judgment.

The relevant facts are as follows. On May 16, 1973, Thomas P. Nichola, Jr., was killed when the automobile[1] in which he was a passenger was involved in a collision in Massachusetts. The plaintiff, Thomas P. Nichola, filed a complaint as administrator of his son's estate against five named defendants, two of which were Fiat Motor Co., Inc. (Fiat Motor), and Fiat Spa of Italy (Fiat Spa).

The defendant Fiat Motor filed an answer admitting, among other things, that it engaged in the business of designing, manufacturing, assembling, and distributing automobiles, including the Fiat 850 Spider. Subsequently, defendant Fiat Motor was allowed to file an amended answer that denied all allegations of plaintiff's complaint, including plaintiff's allegation that defendant Fiat Motor was engaged in the business of designing, manufacturing, assembling, and distributing the Fiat 850 Spider.

On May 31, 1980, defendants Fiat Motor and Fiat Spa were allowed to amend their answer.[2] In this amended answer defendants asserted fourteen defenses, among them, that there was insufficient service of process. The defendants then filed a motion for summary judgment on June 13, 1980. In support of their motion for summary judgment, defendants filed the affidavit of an attorney from a New York law firm who stated that he had the authority on behalf of defendants to execute the affidavit. He stated that his law firm was the "external general counsel" to Fiat Spa and Fiat Motor, that Fiat Spa had never been served with process in any form in the action, and that Fiat Motor did not design, manufacture, assemble, distribute, sell, or repair the Fiat 850 Spider.

At a June 24, 1980 hearing on the motion, the attorney for defendants stated that there was nothing in any of the court files indicating that defendant Fiat Spa had received service of process. The defendants' attorney further alleged that Fiat Motor, as the affidavit indicated, did not manufacture, design, distribute, or sell the automobile in question. In light of the fact that plaintiff had not filed a counter affidavit, defendants' attorney requested that summary judgment be granted in favor of the Fiat defendants. In response, an attorney for plaintiff informed the court that he was not familiar with the case because the attorney of record was ill. In spite of his unfamiliarity with the case, plaintiff's new attorney argued that there were issues of fact concerning who designed the car, and he requested that these issues of fact be resolved at trial. After hearing the parties, the superior court justice granted the summary-judgment motion with respect to both Fiat Spa and Fiat Motor.

1. The automobile was a Fiat 850 Spider.

2. Although Fiat Spa joined Fiat Motor in this second motion to amend the answer, the record contains no original answer by Fiat Spa to plaintiff's complaint.

On September 9, 1980, judgments were entered dismissing plaintiff's action on the merits against Fiat defendants, and the trial justice expressly found that there was no just reason for delaying entry of judgment as to fewer than all of the defendants.

The sole question we address today is whether or not the trial justice erred in granting the motion for summary judgment made by Fiat Motor and Fiat Spa.

At the hearing on the motion for summary judgment, defendant Fiat Spa contended that the court lacked personal jurisdiction in that there was an insufficient service of process upon it. The trial justice apparently found this allegation to be a valid reason to grant the motion. We disagree.

■ Insufficient service of process and the like [3] are matters in abatement which, at most, should result in a dismissal of an action without prejudice. 6 Moore's *Federal Practice*, ¶ 56.03 at 56–55 through 56–56 (2nd ed. 1982). A matter in abatement should normally be raised by a prepleading motion or by a responsive pleading in accordance with Rule 12(b) of the Superior Court Rules of Civil Procedure, and not be a motion for summary judgment. The fundamental distinction is that a summary judgment is an adjudication on the merits whereas a dismissal based on a matter in abatement is not. *Id.* at 56–57 through 56–60.

■ The label attached to the motion is unimportant and under some circumstances a motion labeled as one for summary judgment may be treated as a motion to dismiss for lack of personal jurisdiction. *See United States v. Marple Community Record, Inc.,* 335 F.Supp. 95, 100–01 (E.D.Pa.1971); 6 Moore's, ¶ 56.03 at 56–59 through 56–60. *See also,* 1 Kent, *R.I.Civ.Prac.* § 12.8 at 113 (1969). However, in the instant case it is clear that the trial justice improperly treated the defense of lack of personal jurisdiction or insufficiency of process as grounds

for summary judgment since he entered a judgment which expressly stated that the adjudication in regard to Fiat Spa was on the merits. Accordingly, we find that the trial justice did err by granting summary judgment in favor of Fiat Spa.

The plaintiff alleges in his complaint that defendant Fiat Motor sold, manufactured, assembled, and distributed Fiat vehicles. The defendant first filed an answer admitting this allegation and then it filed an amended answer denying that it did so. In support of its summary-judgment motion, defendant submitted the affidavit of the attorney from New York. The affidavit, allegedly made from the personal knowledge of the attorney, stated that Fiat Motor did not design, manufacture, assemble, distribute, sell, or repair the vehicle referred to in plaintiff's complaint. The plaintiff filed no counter affidavit.

■ With respect to motions for summary judgment, Rule 56(e) requires that

"[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

If a moving party's affidavit fails to comply with these requirements, it is useless in establishing the absence of a genuine issue of material fact. Therefore, a motion based on such an affidavit must be denied. 1 Kent, § 56.5 at 421.

■ In the case before us, the affiant was an attorney who laid no foundation for his personal knowledge. Further, he gave no indication of the source of his knowledge, and he made no showing that he was competent to testify to the facts alleged in his affidavit. As such, the attorney's statements in the affidavit amounted to little more than hearsay, which should not have been considered by the trial justice in ruling

**3.** For example, lack of subject matter jurisdiction, improper venue, insufficiency of process, failure to join an indispensable party, incapacity of a party to sue, and prematurity in bringing the action.

on the summary-judgment motion. *See United States v. Bosurgi,* 530 F.2d 1105, 1111 (2d Cir.1976) (affidavit of an attorney not based on his personal knowledge was not a permissible substitute for the personal knowledge of one of the parties with respect to a crucial issue); *see also Sharkey v. Airco, Inc.,* 522 F.Supp. 646, 653 n. 16 (E.D. Pa.1981) (affidavit of attorney reciting substance of expert's opinion not in compliance with Rule 56 and could not be considered). Consequently, we hold that the trial justice erred in granting summary judgment in favor of Fiat Motor.[4]

For the reasons stated, the plaintiff's appeal is sustained. The judgment appealed from is reversed. This case is remanded to the Superior Court for proceedings consistent with this opinion. Specifically, the trial justice should hold a preliminary hearing pursuant to Rule 12(d) [5] with respect to the defenses of lack of jurisdiction over the person or insufficient service of process.

---

4. In its brief, defendant places emphasis on the fact that plaintiff filed no counter affidavit. However, there is no absolute requirement in Super.R.Civ.P. 56 that the nonmoving party file an affidavit in opposition to a motion for summary judgment. Therefore, a trial justice should deny such a motion despite the failure of the nonmoving party to file a counter affidavit when the affidavit of the moving party does not establish the absence of a genuine issue of fact. *Steinberg v. State,* R.I., 427 A.2d 338, 340 (1981).

5. Rule 12(d) provides: "Preliminary Hearings. The defenses specifically enumerated (1) through (7) in subdivisions (b) of this rule, whether made in a pleading or by motion * * * shall be heard and determined before the trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."