# INDUSTRIAL NATIONAL BANK OF RHODE ISLAND

### v.

### Dirk PATRIARCA.

### No. 83–505–Appeal.

Supreme Court of Rhode Island.
Dec. 12, 1985.

Dennis R. Gannon, Providence, for plaintiff.

Benedetto A. Cerilli, Jr., Abedon Michaleson Stanzler & Biener, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is a Superior Court civil action in which the plaintiff seeks damages arising from the defendant's default on a promissory note and a breach of the covenants set forth in the mortgage deed that the defendant had given to secure payment of the note. We are presented with cross-appeals in which the plaintiff appeals from an order granting the defendant's motion to file an appeal out of time whereas the defendant appeals from the grant of the plaintiff's motion for a summary judgment amounting to a sum in excess of $1,200,000. We shall assume that the allowance of the defendant's out-of-time appeal was justified and in this opinion consider only the correctness of the grant of the plaintiff's summary-judgment motion. Hereafter we shall refer to the plaintiff as "the bank" and to the defendant by his last name.

The record indicates that on February 19, 1975, Patriarca, through a series of three transactions, purchased a parcel of real estate known as the Shepard Block, which had served as the site in downtown Providence for a large department store known as Shepard's. At the time of the sale, Shepard's had gone out of business and the store was vacant. The mortgage note, which called for the payment of $925,000 plus interest, contained an acceleration clause whereby the entire amount of the note would become due if a payment was not made when due and remained unpaid for a period of ten days and if Patriarca failed to perform any of the covenants or other undertakings set forth in the mortgage deed. The bank, in foreclosing the mortgage, also asserted that defendant had failed to comply with provisions of the mortgage deed barring the commission of waste and calling for the continued insurance of the mortgaged premises as well as the payment of the real estate taxes. The purchase price for the property was $1 million. The store suffered from an extreme lack of maintenance. Patriarca had plans to remodel the premises so that the multistoried department store would be converted into a mall type of retail outlets.

The bank foreclosed on the mortgage, and sometime early in January 1976 the premises were sold at public auction for $165,000. The bank in this action seeks the deficiency due between the amount owed on the mortgage and the sum received at the sale plus the expenses attendant to the sale and incidental to the maintenance of the property following the default, as well as attorney's fees.

Patriarca, in opposing the bank's summary-judgment motion, filed an affidavit in which he said that (1) he did not owe the million-plus amount, (2) the bank never advanced any funds to him, (3) he never com-

mitted waste, (4) the mayor of Providence had indefinitely deferred all payment of taxes, and (5) the foreclosure sale was not conducted properly.

The decisive issue in this controversy is whether Patriarca's affidavit has created a dispute over a genuine issue of a material fact that would bar the grant of the summary judgment now before us.

■ Although the amount of the judgment may be unusual, the principles governing its entry in this dispute are not unique, for they have been set forth by this court on innumerable occasions. Suffice it to say that a litigant who seeks to oppose the grant of a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact, *People's Trust Co. v. Searles*, —— R.I. ——, ——, 486 A.2d 619, 620–21 (1985), and if an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other materials reveals that no issue of material fact exists, the party offering the motion is entitled to a judgment as a matter of law. *Blanchard v. Blanchard*, —— R.I. ——, ——, 484 A.2d 904, 905 (1984). In opposing the bank's motion, Patriarca was required to set forth facts that would be admissible in evidence and affirmatively show that he was competent to testify to the matters set forth in the affidavit. *Nichola v. Fiat Motor Co.*, —— R.I. ——, ——, 463 A.2d 511, 513 (1983). A litigant who opposes a motion for summary judgment and is seeking to establish a dispute concerning the existence of a material fact cannot rest upon mere allegations or denials present in the pleadings, mere conclusions, or legal opinions. *Coro, Inc. v. R.N. Koch, Inc.*, 112 R.I. 371, 377–78, 310 A.2d 622, 625–26 (1973); *DiCristofaro v. Beaudry*, 110 R.I. 324, 327–28, 293 A.2d 301, 303 (1972).

■ This litigation began in late October 1977. On June 7, 1978, the bank, acting pursuant to the provisions of Rule 36 of the Superior Court Rules of Civil Procedure, requested Patriarca to admit that he had executed the note and mortgage deed in question and that he had failed to (1) make the periodic payments called for in the note, (2) pay the taxes due the city of Providence, and (3) maintain the premises in an insured status. Patriarca, by virtue of his failure to respond to these inquiries, is deemed to have conceded that the facts described in the request did in fact occur. *Nedder v. Rhode Island Hospital Trust National Bank*, —— R.I. ——, ——, 459 A.2d 960, 961–62 (1983).

■ In *Nedder* this court stressed that a motion justice, in considering a motion for summary judgment, is not required sua sponte to conduct an independent examination of all discovery materials, pleadings, and case documents in order to determine whether a genuine issue of material fact exists. It is the obligation of the party opposing the motion to direct the justice's attention to the specific portions of the discovery materials on which such party relies and to supplement those materials, where needed, by an affidavit executed by an affiant who would be competent to testify to the matters stated therein.

■ At the hearing on the bank's motion, Patriarca's attorney informed the trial justice that he was at a loss to explain the failure to respond to the bank's request for admissions, and he sought an opportunity to file responses out of time. Counsel was also of the opinion that the manner in which the foreclosure sale took place was suspect and denied that his client had committed waste. These assertions formed no basis for vacating the judgment now before us. Since counsel's belief represents a conclusion without any basis in fact, it is worthless.

Even assuming the commission of no waste, Patriarca on this record remains in breach of conditions calling for regularity of periodic payments due on the mortgage and for continued insurance on the premises and payment of municipal taxes. Furthermore, even if the motion justice's attention had been directed to the affidavit sub-

mitted by Patriarca, this document would be of no help to Patriarca.

Initially, Patriarca asserts that he does not owe the money sought by the bank. This statement is a denial without any support in fact and runs afoul of the rule in *Coro* and *DiCristofaro*.

Patriarca also describes the bank as an agent for the sellers and then asserts that he never received any of the mortgage money. However, this statement represents another conclusion without any factual basis to support it and overlooks the fact that by executing the note and mortgage, he became the equitable owner of a large department store that, by his own admission, was going to be transformed into a downtown shopping-mall extravaganza.

He also avers that he had an agreement with the city fathers that called for an indefinite deferment of all payment of taxes. This statement, however, is totally at odds with the rule that bars the use of oral testimony to vary the terms of an agreement that has been reduced to writing as well as a reliance by Patriarca on objectionable hearsay.

His final averment refers to the foreclosure sale and is just another opinion lacking in factual basis given by an individual who in his response to the bank's interrogatories identified himself as a "Real Estate Superintendent."

For the reasons stated, therefore, the summary judgment must stand.

The plaintiff's appeal is denied pro forma, the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.