**Bruce YOUNG, In His Capacity as Tax Collector for the City of Pawtucket**

v.

**COUNTRYSIDE TRAILER PARK and Albert Vitali.**

**No. 97–577–Appeal.**

Supreme Court of Rhode Island.

March 29, 1999.

Edward R. McCormick, III, Providence.

William J. Burke, Pawtucket, James P. Marusak, Providence.

## ORDER

This case before the Supreme Court on January 27, 1999, pursuant to an order directing the defendants, Countryside Trailer Park and Albert Vitali (collectively Countryside), to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda and hearing the parties' arguments, we are of the opinion that cause has not been shown; therefore, we shall proceed to decide the merits of this case at this time.

This case began as an action by Bruce Young, the Tax Collector for the city of Pawtucket (Pawtucket), to collect past due real estate taxes assessed on property owned by Countryside, specifically mobile homes that were located in Countryside's trailer park. Some of these mobile homes were owned by Countryside and leased to the tenants of the park, while others were owned by private individuals. This case, however, pertains only to those mobile homes owned by Countryside. From the memoranda of the parties and their oral arguments, we are informed the taxes on the land where the mobile homes were situated have been paid. Countryside has refused to pay property taxes on the mobile homes themselves, however, and maintains the mobile homes are not taxable as real estate.[1]

Pawtucket moved for summary judgment based upon Countryside's failure to file a petition for relief from assessment in the Superior Court in accordance with G.L.1956 § 44–5–26. The trial justice agreed and found that Countryside's failure to invoke the jurisdiction of the Superior Court through the statutorily prescribed petition for relief from assessment was fatal to its defense. Consequently, the trial justice concluded that Pawtucket was entitled to judgment as a matter of law. We agree with this determination.

Although acknowledging that it never sought relief from assessment in accordance with the well established and exclusive procedure outlined in § 44–5–26, Countryside argues that it was not required to do so because of the unique factual situation before the court. Specifically, Countryside has alleged that it was not required to pay real estate taxes on the mobile homes because the homes had heretofore been taxed as motor vehicles. Moreover, Countryside maintains that it had paid all taxes due and owing on the land at the trailer park, and that the assessor's decision to classify the mobile homes in accordance with the special tax classification statute enacted by the General Assembly amounted to an unlawful revaluation and was in fact illegal. We reject these arguments and agree with the trial justice that any challenge available to Countryside was waived by its failure to timely file a petition for relief from assessment in accordance with § 44–5–26. *See Ferland Corporation v. Bouchard,* 626 A.2d 210, 217 (R.I.1993) (section 44–5–26 exclusive remedy available to a property owner challenging a property assessment).

Furthermore, the trial justice rejected Countryside's argument that it had in fact paid all taxes that were due and owing, and that the taxes Pawtucket was now seeking were illegal. He found the affidavit of Albert Vitali attesting to the fact that the taxes had been paid insufficient to raise a genuine issue of material fact. We concur. This Court has often declared that a party against whom summary judgment has been sought bears the burden of affirmatively producing competent evidence tending to demonstrate the existence of a factual controversy. *See Industrial National Bank of Rhode Island v. Patriarca,* 502 A.2d 336, 338 (R.I.1985).

---

1. We note that Countryside has misconceived the law relative to the levy and the assessment of taxes in the city of Pawtucket. *See* G.L.

1956 § 44–5–20.2 (mobile homes specifically designated as "Class I" residential property subject to taxation as real property).

Affidavits attesting to the opinion of the author are simply not sufficient. *Id.* Moreover, at this stage of the proceeding, this defense was not available to Countryside. *See Ferland,* 626 A.2d at 217. Having failed to utilize the exclusive remedy available to an aggrieved taxpayer, Countryside is precluded from raising the issue of the legality of the tax in a subsequent collection proceeding. This relief is simply not available to Countryside due to its failure to follow the procedure required to seek relief.

Accordingly, the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed and the papers of the case are remanded to the Superior Court.