297 A.2d 348.

EGAN'S LAUNDRY & CLEANERS, INC. *vs.* THE COMMUNITY
HOTEL CORPORATION OF NEWPORT, R. I.

DECEMBER 5, 1972.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action on book account to collect an originally alleged indebtedness of $16,253.06. The case is before us on the defendant's appeal from a Superior Court judgment entered pursuant to the decision of a justice of that court granting the plaintiff's motion for summary judgment.

The ultimate facts may be briefly stated. They establish

that plaintiff operates a laundry which includes among its customers a hotel operated by defendant. The indebtedness in question arises out of laundry services provided by plaintiff for defendant in connection with the latter's operation of its hotel.

The action was commenced on August 28, 1970, with the filing of a complaint in the Superior Court for Newport county. On September 19, 1970, defendant, answering, denied indebtedness generally.

Thereafter, specifically on September 29, 1971, plaintiff filed a motion for summary judgment accompanied by a supporting affidavit pursuant to Super. R. Civ. P. 56(e), executed and sworn to by its president, and incorporating copies of "accounts receivable" which purported to show defendant indebted to plaintiff in the total sum of $17,-125.70 as of September 30, 1970.[1]

Simultaneously with the filing of its motion for summary judgment on September 29, 1971, plaintiff served defendant with a request to admit as authorized by Super. R. Civ. P. 36(a). This called upon defendant to admit within ten days the truth of plaintiff's claim that defendant was in fact indebted as alleged in plaintiff's affidavit. On the following day, namely, September 30,1971, plaintiff filed said request in the Superior Court.

The record establishes that on October 8, 1971, defendant mailed its reply to plaintiff's request to both plaintiff's attorney and the Superior Court, where it was received and file marked on October 9, 1971. However, plaintiff's attorney did not receive the copy of defendant's reply until the morning of October 12, 1971, the day on which plaintiff's motion for summary judgment came on to be heard.

---

[1]The difference between the sum of $16,253.06 for which plaintiff originally sued and the $17,125.70 claimed in its motion for summary judgment, represents accumulated indebtedness between August 28. 1970 and September 30, 1970.

The record further establishes that defendant filed no counter affidavit in opposition to plaintiff's motion and supporting affidavit for summary judgment. At the hearing on said motion, however, defendant argued that its sworn reply to plaintiff's request for admission established that there existed a genuine issue of a material fact. The Superior Court justice, however, refused to include defendant's reply in his consideration of the record before him. He did so in the belief that the reply was not timely delivered to plaintiff.

There being nothing else in the pleadings and admissions to bar plaintiff's claim for summary judgment, the Superior Court justice granted that motion, and judgment entered accordingly.

From this judgment, defendant seasonably appealed. In support thereof, defendant makes two related contentions. These are: that the Superior Court justice erred in excluding defendant's reply to plaintiff's request to admit; and that if the reply had not been excluded, plaintiff's motion could not have been granted.

The first such contention we need not consider for the reason that, before us, plaintiff concedes that defendant's reply was timely served and should have been considered by the Superior Court justice. But that it was not considered, plaintiff argues, constitutes harmless error in that, contrary to defendant's contention, it sets forth no facts contradictory to those on which plaintiff relied for summary judgment.

We find no case in this jurisdiction which supports plaintiff's argument regarding harmless error. However, Super. R. Civ. P. 56 is patterned on Fed. R. Civ. P. 56. Consequently, decisions of the federal courts, interpreting a federal rule which is identical to our own, can and heretofore have served as a guide to this court's interpretation of a comparable rule. See for example, *Bragg* v. *Warwick Shop-*

*pers World, Inc.,* 102 R. I. 8, 227 A.2d 582 (1967) and *Industrial Nat'l Bank* v. *Colt,* 101 R. I. 488, 224 A.2d 900 (1966).

With this in mind, we turned to federal cases on the point and find that the failure of the trial judge in granting a motion for summary judgment, to include matters properly before him in passing on such motion does not, ipso facto, require reversal of his decision. Rather, reversal is warranted only when it can be shown that had the excluded matter been considered, the motion for summary judgment should not have been granted. 6 Moore, *Federal Practice* §56.22[1], at 2818 (2d ed. 1948), citing *Fox* v. *Johnson & Wimsatt, Inc.,* 127 F.2d 729 (D.C. Cir. 1942); *Person* v. *United States,* 112 F.2d 1 (8th Cir. 1940). *See also Foster* v. *N. Y. Central System,* 402 F.2d 312 (7th Cir. 1968).

With this principle in mind then, we turn to a consideration of whether the Superior Court justice's exclusion of defendant's reply to the request to admit was prejudicial error in the case at bar. Clearly, if the excluded reply raised a genuine issue of a material fact, the motion for summary judgment should have been denied.

Having reached this conclusion we turn to an examination of the excluded reply. Executed and sworn to by defendant's corporate secretary, it is in pertinent part as follows:

> " * * * the Invoices sent by the Plaintiff to the Defendant, totalled Sixteen Thousand Two Hundred Fifty-Three and 06/100 ($16,253.06) Dollars. However, due to the circumstances of the execution of the Contract between the Plaintiff and the Defendant, the Defendant specifically denies owing to the Plaintiff, the sum of Sixteen Thousand Two Hundred Fifty-Three and 06/100 ($16,253.06) Dollars or the sum of Seventeen Thousand One Hundred Twenty-Five and 70/100 ($17,125.70) Dollars."

We have heretofore held that because summary judgment is a drastic measure in that it may deprive a litigant

of a trial, a court must be very cautious in granting a summary-judgment motion and must provide a party with full opportunity to show that there is a genuine issue of fact involved in the litigation. *Mill Factors Corp. v. L. S. Building Supplies, Inc.*, 103 R. I. 675, 240 A.2d 720 (1968). However, when a motion for summary judgment is made and supported as provided for under Super. R. Civ. P. 56(e), the adverse party

> "* * * may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Clearly, this section places an affirmative duty on the adverse party to set forth facts showing that there is a genuine issue of fact that will be resolved at trial. Such party must act diligently and in good faith to rebut the evidence presented in support of the motion, and he may not save his evidence until the day of trial. *Gallo v. Nat'l Nursing Homes, Inc.*, 106 R. I. 485, 261 A.2d 19 (1970).

Here, defendant's reply is clearly conclusionary in that it is a mere assertion that there are circumstances which if believed, would serve to nullify plaintiff's claim. What these circumstances are, however, is not set forth in any factual context. It may be that if they were so set forth they would raise an issue of material fact for trial, but the bald assertion that they do exist is insufficient to place the plaintiff beyond the reach of summary judgment. *Battista v. Muscatelli*, 106 R. I. 514, 261 A.2d 636 (1970); *Gallo v. Nat'l Nursing Homes, Inc., supra; Cottrell Employees Credit Union v. Pavelski*, 106 R. I. 29, 255 A.2d 162 (1969).

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

Mr. Chief Justice Roberts did not participate.

*Roberts & Willey Incorporated, David W. Carroll, Bruce G. Tucker,* for plaintiff.

*William F. Hague, Jr.,* for defendant.