**Karl LUDWIG**

v.

**Frank J. KOWAL.**

**No. 79–6–Appeal.**

Supreme Court of Rhode Island.

Aug. 29, 1980.

Cappuccio & Cappuccio, Frank S. Cappuccio, Westerly, for plaintiff.

Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Milton Stanzler, Lynette Labinger, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

The plaintiff, Karl Ludwig, commenced this civil action, in Kent County Superior Court, against Frank Kowal, the defendant, with the filing of a complaint seeking recovery for the value of stolen jewelry allegedly received and converted to his own use by Kowal. After the trial justice denied Kowal's motion to dismiss, the defendant answered the complaint. Thereafter, the pleadings were amended, and Ludwig filed a motion for summary judgment predicated upon count 3 of his amended complaint which requested double damages in accordance with G.L. 1956 (1969 Reenactment) § 9–1–2, "Civil liability for crimes and offenses."[1] After argument of counsel

---

1. General Laws 1956 (1969 Reenactment) § 9–1–2 provides in pertinent part:

"Whenever any person shall suffer any injury * * * by reason of the commission of

and consideration of the parties' affidavits, the court granted plaintiff's motion; judgment for plaintiff in the sum of $96,000 plus interest and costs was entered on October 19, 1978. Later, pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure, defendant, with the assistance of other counsel, made a motion to vacate the judgment. The trial justice, after a hearing, denied the motion; and an order accordingly entered November 28, 1978. The defendant appeals the award of plaintiff's motion for summary judgment and the subsequent denial of his motion to vacate that judgment.

The events that form the foundation of the present action began on June 4, 1976, when defendant, charged with various counts in four separate indictments, appeared before the Kent County Superior Court. With respect to count 2 of Indictment No. 73–301, which charged defendant with receiving stolen goods in violation of § 11–41–2,[2] Kowal pleaded guilty according to the judgment attached to plaintiff's affidavit. Upon the state's recommendation, the court imposed a fine of $500 plus costs. The property that Kowal was convicted of receiving included the jewelry at issue here: one unset diamond and a platinum diamond ring.

In support of his motion for summary judgment, Ludwig submitted an affidavit in which he stated that he had been the owner of a loose diamond and a diamond ring, that this jewelry had been stolen from him, that defendant, Frank J. Kowal, had been convicted of receiving stolen goods in respect to these items and had been adjudged guilty and ordered to pay $500 and costs. Ludwig asserted further that Kowal admitted on June 4, 1976, to having received stolen property "in reference to this jewelry" and that the jewelry has not yet been returned to him. Attached to the affidavit was a photostatic copy of the "Judgment and Disposition" sheet on Indictment No. 73–301.[3]

The plaintiff's affidavit listed the value of the articles received by defendant as $16,000 as of the time of the theft and probable receipt by Kowal, and the fair market value as of September 1978 (the time of execution of the affidavit) as $48,000. Ludwig's qualifications as an expert in jewelry appraisal derives--as he alleges in his affidavit and complaint--from his long association with the jewelry business and his special familiarity with the sale of diamonds.[4]

The defendant's counteraffidavit stated that his plea had not been directed to the merits of the instant indictment but had been entered "to avoid the expense, anxiety and uncertainties as to the outcome of further litigation involving these Indictments." In further response to plaintiff's assertions, Kowal speculated that

---

any crime or offense, he may recover his damages for such injury in a civil action against the offender * * * and whenever any person shall be guilty of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration."

2. General Laws 1956 (1969 Reenactment) § 11–41–2 reads, in part, as follows:
"Every person who shall fraudulently receive any stolen money, goods, securities, chattels or other property, knowing the same to be stolen shall be deemed guilty of larceny, although the person who stole the same may not have been prosecuted or convicted therefor * * *."

3. The "Judgment and Disposition" sheet on Indictment No. 73–301 in Kent County partially specifies that

"IT IS ADJUDGED that the defendant has been adjudged guilty upon his plea of guilty of the offense of Rec/Stolen/gds * * *
"IT IS ADJUDGED that the defendant is guilty as charged.
"IT IS ADJUDGED that the dfndt pay a fine of $500.00 and costs $26.70."
The defendant's counsel at the summary–judgment hearing asserted that his client had pleaded nolo to this charge. At that time no document or transcript was furnished to the court in support of this assertion.

4. The record indicates that the trial justice accepted the representation at the summary–judgment hearing that Ludwig was an experienced and "educated jeweler"--hence "an expert on jewelry."

"if the Defendant came into possession of any merchandise belonging to the Plaintiff as alleged in Plaintiff's Complaint, the Defendant acquired said goods as a bonafide purchaser in the due course of trade and for adequate consideration which Defendant intends to prove at the trial of this case."

The first issue for our determination on this appeal is whether the trial justice properly granted plaintiff's summary–judgment motion. Our inquiry begins with Rule 56 of the Superior Court Rules of Civil Procedure which provides that both the movant and the adverse party may submit supporting affidavits. In passing upon the motion for summary judgment under this rule, it is the province of the trial justice to determine, by an examination of the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits of the parties, whether these documents present a genuine issue of material fact, "and, if not, whether the moving party is entitled to judgment under the applicable law." *Belanger v. Silva*, 114 R.I. 266, 267, 331 A.2d 403, 404 (1975). In the resolution of that question, the trial justice considers the pleadings to determine what the issues are and the other documents to ascertain the material facts. *Monti v. Leand*, 108 R.I. 718, 722, 279 A.2d 743, 745 (1971); *Slefkin v. Tarkomian*, 103 R.I. 495, 496, 238 A.2d 742, 742–43 (1968).

We test the adequacy of these affidavits in light of the principles enunciated in Rule 56(e).[5] *Feinerman v. Natelson*, 106 R.I. 773, 263 A.2d 698 (1970). An examination of plaintiff's supporting affidavit unmistakably reveals that, unless otherwise sufficiently challenged, he has met his burden and proved his case. Under penalty of perjury, he has stated specific facts that establish his right to recovery under § 9–1–2. Because he suffered a loss through the theft of his jewelry, he is eligible to recover from the offender, identified in a previous criminal proceeding, double damages since,

under § 11–41–2, Kowal's conviction renders him "guilty of larceny." In addition, on the issue of damages, Ludwig proffered his qualifications and his opinion regarding the worth of the gems.

Since the burden then shifted to defendant to counter plaintiff's sworn statement of fact, Kowal had an affirmative duty to respond with specific facts that would constitute a genuine issue for trial. Super.R.Civ.P. 56(e). The defendant's original reference to a plea of nolo contendere appeared in his motion to dismiss but it was not supported by any admissible evidence regarding the nature of the plea. Our cases clearly prescribe that an adverse party may not rest upon the mere allegations or denials set forth in his pleadings. *Ardente v. Horan*, 117 R.I. 254, 257, 366 A.2d 162, 164 (1976); *Egan's Laundry & Cleaners, Inc. v. Community Hotel Corp. of Newport, R.I.*, 110 R.I. 719, 297 A.2d 348 (1972). *See also* 6 *Moore's Federal Practice* ¶ 56.15[2] (2d ed. 1976); Kaplan, *Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II)*, 77 Harv.L.Rev. 801 (1964).

The defendant's affidavit fails to furnish even one particular fact indicating the existence of a genuine issue for trial. His attempt to explain away his negotiated plea is irrelevant. Indeed, he did not deny the fact of its occurrence nor that a factual basis existed for such plea. He sought only vaguely to suggest that if he did happen to possess any of plaintiff's property, he obtained such property legally. Kowal's general denials and oblique conclusory comments did not traverse plaintiff's sworn statements and did not raise an issue of fact which could prevent the award of plaintiff's summary judgment. *Robin Construction Co. v. United States*, 345 F.2d 610, 613 (3d Cir. 1965). Although it was not incumbent upon Kowal to disclose the totality of his evidence in the counteraffidavit, he should have demonstrated evidence of a substantial nature to dispute the material issues of fact attested to by plaintiff. *Gallo v. Na-*

5. Rule 56(e) of the Superior Court Rules of Civil Procedure requires that the affidavit be made upon personal knowledge, that the facts set forth be admissible in evidence, and that the affiant demonstrate his competence to testify to the matters stated therein.

*tional Nursing Homes, Inc.*, 106 R.I. 485, 489, 261 A.2d 19, 21 (1970); *accord, O'Brion, Russell & Co. v. LeMay*, 370 Mass. 243, 346 N.E.2d 861 (1976). As the record indisputably shows, defendant presented no counteraffidavit sufficient to raise a genuine issue of material fact.

Counsel's unsupported assertions, at the summary–judgment hearing, that Kowal had pleaded nolo contendere to the charge of receiving stolen goods were also to no avail. Significantly, counsel at this hearing had not served as defense counsel during the course of the prior criminal proceedings. Furthermore, although Rule 43 permits the court to admit and consider oral testimony at such a hearing, 6 *Moore's Federal Practice, supra,* ¶¶ 56.11[1.—6] and 56.11[1.—8], the unsworn statements of Kowal's counsel did not rise to the level of evidence; rather, they were representations and arguments to the court, not equivalent to sworn statements of fact at a summary–judgment hearing. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (unsworn statement does not meet requirement of Federal Rule of Civil Procedure 56(e)); *Jones v. Menard*, 559 F.2d 1282 (5th Cir.1977) (an unsworn report is not admissible at hearing on summary–judgment motion); *X v. Brierley*, 457 F.Supp. 350 (E.D.Pa.1978) (unsworn statements do not constitute proper Rule 56(e) affidavit).

■ In the event that Kowal had submitted evidence at the hearing on motion for summary judgment that he had pleaded nolo rather than guilty, it seems clear that this evidence would not have created an issue of fact for trial. Since a plea of nolo contendere followed by a sentence constitutes a conviction, *Barker v. Almy*, 20 R.I. 367, 39 A. 185 (1898), and since defendant was adjudged guilty by the court, the statutory requirement of establishment of guilt would have been met. Indeed our court has held that one who claims to be a victim of larceny and seeks statutory double damages may not prove guilt of larceny in the civil action except by proof of a criminal conviction or of an admission of guilt in a criminal proceeding. *DaCosta v. Rose*, 70 R.I. 163, 169, 37 A.2d 794, 797 (1944). In the light of this unique requirement, cases cited on the issue of admissibility of criminal convictions, including convictions based upon pleas of nolo contendere, are completely inapplicable.

As plaintiff noted in his brief and oral argument, counsel for defendant repeatedly contended, unmindful of the admonitions by the trial justice, that defendant was prepared at the time of trial to present evidence that would counter plaintiff's allegations. Counsel indicated that he thought he had the right to cross–examine plaintiff. But it was precisely defendant's duty then to set forth sworn facts showing a genuine issue to be resolved at trial. He should have responded diligently and in good faith to rebut the evidence presented in support of plaintiff's motion; he could not save his own evidence until the day of trial. *Egan's Laundry & Cleaners, Inc.*, 110 R.I. at 723, 297 A.2d at 351; *Gallo v. National Homes, Inc.*, 106 R.I. 485, 261 A.2d 19 (1970). *See also Robin Construction Co. v. United States*, 345 F.2d 610 (3d Cir.1965); 6 *Moore's Federal Practice, supra,* ¶ 56.11[3].

Kowal did not take advantage of Rule 56(f), which would have authorized the court to grant a continuance in the event that Kowal showed an inability to present facts in opposition to plaintiff's assertions. Kaplan, 77 Harv.L.Rev. at 826; 10 Wright & Miller, *Federal Practice and Procedure : Civil* § 2740 (1973).

■ Nevertheless on appeal, new counsel for appellant has showered us with additional allegations in an attempt to evidence a genuine issue for trial. In reviewing a summary–judgment award, however, we consider only those issues that were properly presented before the trial court. *Frank v. Bailey Enterprises, Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir.1978). Nor may defendant now "advance new theories or raise new issues in order to secure a reversal of the lower court's determination." 10 Wright & Miller, *supra,* § 2716 at 435–36. Thus even viewing indulgently all pleadings and evidentiary documents filed by defendant, we must agree with the trial justice

that the termination of this litigation upon summary judgment was warranted.

■ Rule 56(e) requires that a supporting affidavit must "set forth such facts as would be admissible in evidence." We must assume on the basis of the record before us that defendant pleaded guilty to count 2 of Indictment No. 73–301 as stated in plaintiff's affidavit. Such a plea of guilty in a prior criminal proceeding is competent evidence in a subsequent civil action as an admission of each element of the formal criminal charge. *Plunkett v. Commissioner*, 465 F.2d 299, 305 (7th Cir.1972); *Estate of Upshaw v. Commissioner*, 416 F.2d 737 (7th Cir.1969); *Silverman v. Abraham*, 22 Misc.2d 707, 198 N.Y.S.2d 514 (1960); 3 *Wharton's Criminal Evidence* § 654A (13th ed. 1973); Rotenberg, *The Progress of Plea Bargaining: The ABA Standards and Beyond*, 8 Conn.L.Rev. 44, 51 (1975). Courts that have considered the question are unanimous in admitting pleas of guilty as evidence in subsequent civil cases since such a plea is, in essence, a solemn judicial admission. *See Annot.*, 18 A.L.R.2d 1287 (1951); Vestal & Coughenour, *Preclusion/Res Judicata Variables: Criminal Prosecutions*, 19 Vand.L.Rev. 683, 705 (1966); *see also* Bond, *Plea Bargaining and Guilty Pleas* § 7.25 (1978) (bargained guilty plea explainable admission rather than conclusive statement in civil action).[7] At the very least plaintiff's affidavit and supporting documentation required a sworn factual rebuttal by defendant. This he failed to supply.

■ The summary–judgment procedure serves this type of situation well. The plaintiff's only obligation, under § 9–1–2, was to establish defendant's guilt of the crime of larceny by proof either of a conviction or of an admission of guilt in a prior prosecution. *DaCosta v. Rose*, 70 R.I. 163, 169, 37 A.2d 794, 797 (1944) (legislative history and intent of statute detailed). One who has received stolen goods, knowing them to be stolen, as defendant did in the case at bar, shall be deemed guilty of larceny and thus liable to the owner for twice their value. *State v. St. Pierre*, 118 R.I. 45, 51, 371 A.2d 1048, 1051 (1977).

■ The defendant argues, however, that plaintiff has failed to prove his case because recovery for conversion requires a previous demand and refusal. The simple response to defendant's contention is that plaintiff's action did not sound in the common–law tort of conversion; rather this action was predicated upon a statute, § 9–1–2. In any event, we point out that proof of demand and refusal even incident to an action for conversion is necessary only when a defendant rightfully obtained possession of the property. *Fuscellaro v. Industrial National Corp.*, 117 R.I. 558, 561–62, 368 A.2d 1227, 1230 (1977); *Champagne v. Donato*, 161 A. 111 (R.I.1932). The fact that the affidavit established that defendant knew the property was stolen when he received it, § 11–41–2, precludes arguments on appeal based upon coming into rightful possession of the subject items.

■ The defendant also contends that the trial court accepted an estimation of value based upon an improper measure of damages. He proposes that the measure should be the value of the jewelry when it was received by him and not when the action was brought. It is true that plaintiff in his affidavit set forth two estimates of value of the stolen items. One estimate in the amount of $16,000 related to the time of the theft, and the second estimate of $48,-000 related to the time of the execution of the affidavit. The trial justice accepted and applied the later estimate in his award of damages. We believe that the Legislature in adopting § 9–1–2 intended that victims of larceny be compensated generously. In these times of double–digit inflation, enormous fluctuations in value may occur–particularly in such commodities as precious metals and precious stones–over a period of a few years. We believe that in interpreting this statute, effectuation of the legisla-

---

**7.** On the effect of estoppel generally, *see* Scott, *Collateral Estoppel by Judgment*, 56 Harv.L. Rev. 1 (1942).

tive intent requires that the risk of loss resulting from such fluctuations be placed upon the malefactor rather than upon the victim. Consequently, we believe that the trial justice was correct in selecting the larger figure, that is, the one at the time of execution of the affidavit, as the measure of damages. Conversely, had the value of the commodities been greater at the time of the theft, the trial justice would have been correct in choosing that figure. In applying this statutory method of compensation, we are not bound by case law relating to the tort of conversion which in many instances may be committed without wrongful intent on the part of the tortfeasor and seldom involves actual criminal behavior.

With respect to the issues defendant raises in his brief, it is sufficient to note that they were not presented to the trial justice. Since defendant failed to assert in his affidavit or at the hearing on summary judgment any rebuttal to plaintiff's opinions on damages, he may not raise such issues on appeal.

Finally, defendant appeals the denial of his motion to vacate the summary judgment. In support of his motion defendant submitted the affidavit of his former counsel who attested that, at the time he was preparing the counteraffidavit, he "neglected to discuss with the Defendant the value of the loose diamond and the platinum ring." Further, he affirmed that the "purported insufficient affidavit" was prepared because of his mistake on the issue of damages.

■ Absent a showing of abuse of discretion or error of law, we will not disturb the ruling of a trial justice in whose sound judicial discretion rests the determination of such a motion. *Stevens v. Gulf Oil Corp.*, 108 R.I. 209, 274 A.2d 163 (1971); *Bloom v. Trudeau*, 107 R.I. 303, 266 A.2d 417 (1970); 1 Kent, *R.I.Civ.Prac.* § 60.1 (1969).

■ The neglect of counsel in the proceedings below is imputed to his client. *King v. Brown*, 103 R.I. 154, 156, 235 A.2d 874, 875 (1967). Whether that neglect is excusable so that a grant of a motion to

vacate would be justified is a question of fact that must be proved. *Vitale v. Elliott*, R.I., 387 A.2d 1379, 1381 (1978). Counsel's statement that the "purported insufficient affidavit" was prepared because of his neglect to discuss the value of the jewelry with his client fails to show "extenuating circumstances of sufficient significance to render" his neglect excusable. *Fields v. S. & M. Foods, Inc.*, 105 R.I. 161, 162, 249 A.2d 892, 893 (1969).

■ It may be, as defendant notes in his brief, that counsel "was under the mistaken impression that the 'value' of the items in issue was not then in issue," but his failure to detail the reasons for this impression required denial of his motion. *See* 1 Kent, *supra*, § 60.3. Further, a mistake of law by a party or his counsel is not a basis for relief from a judgment. *Cohen v. Ideal Home Equipment Co.*, 84 R.I. 122, 122 A.2d 145 (1956). In his decision on the motion to vacate, however, the trial justice stated that the omission in filing a sufficient affidavit had been deliberate. Thus there was no excusable neglect, inadvertence, or mistake; there was only an unfortunate miscalculation in trial strategy. Since defendant is not absolved by a finding of excusable neglect, we do not reach whatever meritorious defense he might have had.

Since the defendant's affidavit in opposition to the plaintiff's motion for summary judgment failed to furnish any facts indicating the existence of a genuine issue of material fact for trial and because on his motion to vacate the judgment he failed to sustain the burden of establishing the threshold requirement of excusable neglect, we hold that the trial justice properly granted the plaintiff's motion for summary judgment and denied the defendant's motion to vacate.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers are remitted to the Superior Court.