Thomas NEDDER

v.

**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK.**

**No. 80–314–Appeal.**

Supreme Court of Rhode Island.

May 18, 1983.

Alfred Factor, Providence, for plaintiff.

John F. Dolan, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiff's appeal from summary judgment entered against him by a justice of the Superior Court. The plaintiff had filed a four-count complaint against the Rhode Island Hospital Trust National Bank (the bank) alleging false arrest, slander, libel, and assault and battery. In addition to traversing the allegations in these four counts, the defendant filed a special defense of general release. It was by virtue of the presentation of the general release in the context of a motion for summary judgment that the trial justice entered judgment for the defendant. We affirm. The facts, as somewhat sketchily disclosed to the trial justice, were as follows.

The plaintiff was suspected by officers of the bank of conspiring with a bank employee in the granting of loans without meeting criteria normally required for the extension of credit. On April 14, 1978, plaintiff was seen at a branch office of the bank in Cumberland. An employee of the bank notified the Cumberland police that plaintiff was in the bank and that he might be armed and dangerous. The Cumberland police responded and arrested plaintiff, searched him for weapons, found none, and took him in handcuffs to the police station.

Thereafter, the Cumberland police determined they had insufficient evidence upon which to base a prosecution and offered to release plaintiff but requested that he execute a document that released "any and all persons or person in any way connected with my said arrest and detention" from "all and all manner of actions and causes of action which against the same I ever had, now have or ought to have for or by any reasons or means of said arrest and detention." The plaintiff executed this general release and was promptly freed from custody.

He subsequently brought action against the bank and a process of discovery ensued, including depositions of plaintiff and various officers and employees of the bank. Pursuant to the provisions of Rule 36 of the Superior Court Rules of Civil Procedure, the bank requested plaintiff to admit the genuineness of a copy of the release executed by plaintiff at the Cumberland police station on April 14, 1978. By virtue of his failure to respond to this request, it was deemed to be admitted. The bank's motion for summary judgment was accompanied by a copy of the release referred to in the request for admission. The plaintiff responded to the motion for summary judgment merely by filing an objection. The objection was not buttressed by an affidavit setting forth matters of fact in accordance with Rule 56(e). As we stated

in *Ludwig v. Kowal,* R.I., 419 A.2d 297, 301 (1980), when a party who seeks summary judgment has established a sufficient basis from affidavits, pleadings, and discovery materials in order to prevail on such motion, the burden shifts to the opponent of the motion to respond with specific facts that would constitute a genuine issue for trial. Such party may not rest upon the mere allegations or denials set forth in his pleadings. *Ardente v. Horan,* 117 R.I. 254, 257, 366 A.2d 162, 164 (1976); *Egan's Laundry & Cleaners, Inc. v. Community Hotel Corp.,* 110 R.I. 719, 297 A.2d 348 (1972). Further, counsel's unsupported assertions at the summary-judgment hearing do not serve as substitutes for affidavits based upon personal knowledge or reference to appropriate discovery materials such as answers to interrogatories, depositions or Rule 36 admissions. *Ludwig v. Kowal,* R.I., 419 A.2d 297 (1980).

In the case at bar trial counsel did not call the trial justice's attention to depositions or other discovery materials. He merely argued the insufficiency of the release as a matter of law. Faced only with this challenge, the trial court determined that there was no genuine issue of material fact and decided that the release was a bar to the instant action.

Appellate counsel [1] argues ably and persuasively that reference to the depositions on file in the case would have disclosed factual issues that would have caused summary judgment to have been an improper vehicle for determination of the case. *See Lennon v. MacGregor,* R.I., 423 A.2d 820 (1980); *Westinghouse Broadcasting Co. v. Dial Media, Inc.,* R.I., 410 A.2d 986 (1980); *Julian v. Zayre Corp.,* 120 R.I. 494, 388 A.2d 813 (1978). However, all these contentions are set forth in this court for the first time. ■ It must be recognized that a Superior Court justice presiding at a motion calendar is required to pass upon scores of controversies each day. In many instances the motion justice will be presented with a

file containing a multiplicity of documents and, at times, hundreds of pages of discovery materials. Such a justice must rely upon the parties under the adversary process to define carefully the issues presented for determination. It is wholly unrealistic to expect the motion justice sua sponte to conduct an independent examination of all discovery materials, pleadings, and case documents in order to determine whether a genuine issue of material fact exists. It is clearly the obligation of the party opposing the motion to direct the motion justice's attention to the specific portions of the discovery materials upon which such party relies and to supplement those materials, where needed, by an affidavit executed by an affiant who would be competent to testify to the matters stated therein. Super.R. Civ.P. 56(e); *see Egan's Laundry & Cleaners, Inc. v. Community Hotel Corp.,* 110 R.I. at 723, 297 A.2d at 351; *Shannon v. Norman Block, Inc.,* 106 R.I. 124, 129, 256 A.2d 214, 218 (1969). In the event that a party opposing such a motion is unable to present such essential facts to justify his opposition at the time when motion for summary judgment is filed, such party may seek relief under rule 56(f) and obtain a continuance to permit affidavits to be furnished or depositions to be taken or discovery to be had in order to meet his burden. Super.R.Civ.P. 56(f). None of these procedural remedies was utilized by plaintiff in the Superior Court.

■ Appellate counsel seeks to remedy these circumstances by advancing arguments that were not presented to the motion justice and by referring us to materials to which the attention of that justice was not directed. We can only respond by restating the proposition that we expressed in *Ludwig v. Kowal,* R.I., 419 A.2d 297, 302 (1980):

"In reviewing a summary judgment award * * * we consider only those issues that were properly presented before the

1. The law firm representing plaintiff on appeal is not the same law firm which represented him in the Superior Court on the motion for summary judgment.

trial court. *Frank C. Bailey Enterprises, Inc. v. Cargill, Inc.,* 582 F.2d 333, 334 (5th Cir.1978). Nor may [the requesting party] now 'advance new theories or raise new issues in order to secure a reversal of the lower court's determination.' 10 Wright & Miller * * * § 2716 at 435–36."

Several issues have been argued by the plaintiff on appeal which were not asserted in the Superior Court. These issues include the inapplicability of the release to counts alleging slander, libel, and assault; the claim of lack of consideration from the police; possible involuntariness of the release because of shock and excitement; and invalidity of the release on public-policy grounds. *See Wilson v. United States Lines,* 114 N.J.Super. 175, 275 A.2d 457 (1971). *But see Food Fair Stores, Inc. v. Joy,* 283 Md. 205, 389 A.2d 874 (1978). Since these arguments are raised for the first time on appeal, we decline to consider them. *Ludwig v. Kowal,* R.I., 419 A.2d at 302. Upon examination of the arguments and materials presented to the justice of the Superior Court, we are of the opinion that his granting of the motion for summary judgment was warranted on the record before him. Therefore, we find that he committed no error of law in reaching such a determination.

For the reasons stated, the appeal of the plaintiff is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.