LAWN BEAUTICIANS, INC.

v.

**The RIVER FARMS CONDOMINIUM ASSOCIATION.**

No. 95–440–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1997.

Steven A. Robinson, Providence.

John B. Webster, Warwick.

**ORDER**

This case came before a hearing panel of this court on February 18, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues

raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. Consequently the issues will be decided at this time.

The River Farms Condominium Association (defendant) has appealed from a summary judgment entered in the Superior Court in favor of Lawn Beauticians, Inc. (plaintiff) in the sum of $77,183.77 on an action for book account. The plaintiff based its action on services performed for the defendant in respect to lawn maintenance from March 1990 through May 1992, and snow removal from 1991, 1992, and the first fifteen days of January 1993.[1] In support of its motion for summary judgment, plaintiff presented an affidavit executed by Alan M. Muoio, its President. The defendant implies by affidavit that landscaping services had been performed for the original developer of the condominium project, River Farm Associates, and that River Farm Associates had been discharged in bankruptcy proceedings. Mr. Muoio countered with a supplemental affidavit in which he noted that the work upon which the action against the defendant was based was not landscaping but lawn maintenance and snow removal. He asserted that the billing for River Farm Associates and for the defendant was separate and distinct.

On May 22, 1995, a justice of the Superior Court after hearing granted the motion for summary judgment in an order executed May 24, 1995, and on July 10, 1995, entered judgment for the plaintiff for $51,721.83 together with interest and costs which totaled $77,183.77.

We apply the same standard in reviewing a summary judgment as was required of the trial justice, i.e., determining whether there was a genuine issue as to any material fact. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). A review of the record in this case indicates that defendant did not sustain the burden of demonstrating by competent evidence based on personal knowledge

---

**1.** The action was also based upon plaintiff's installation of an electrical line for defendant in

December of 1992.

the existence of a material issue of fact. It was the obligation of defendant to direct the trial justice's attention to the specific portions of discovery materials upon which it relied. *Nedder v. Rhode Island Hospital Trust National Bank,* 459 A.2d 960, 962 (R.I. 1983). The affidavits and invoices submitted by the plaintiff established the factual basis for the summary judgment. The affidavit indicating that work had been done for a prior entity would not be sufficient to establish such a disputed issue of material fact.

Moreover, defendant's claim concerning the absence of indispensable parties was without merit. The claim advanced was solely against defendant and could be completely adjudicated without the addition of any other party.

Consequently, the defendant's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.

BOURCIER, J., did not participate.