VISCONTI & BOREN LTD.

v.

BESS EATON DONUT FLOUR CO., INC.

No. 97–225–Appeal.

Supreme Court of Rhode Island.

June 2, 1998.

Gregory P. Cimino, II, Providence, for Plaintiff.

Melissa M. Horne, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 5, 1998, pursuant to an order directing the defendant to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Bess Eaton Donut Flour Co., Inc. (Bess Eaton), has appealed from the entry of a summary judgment in favor of the plaintiff, Visconti & Boren Ltd. (Visconti & Boren). After hearing the arguments of counsel for the parties and reviewing their memoranda, this Court concludes that cause has not been shown, and the case will be decided at this time.

Visconti & Boren filed a complaint, seeking $70,980.38 plus interest, costs, and reasonable attorney's fees on a book account for legal services performed by its predecessor firm, Visconti & Petrocelli, Ltd. The services in dispute were provided to Bess Eaton during a period of approximately twelve months in 1993 and 1994. Bess Eaton is a closely held corporation primarily owned by or on behalf of members of the Gencarelli family. In its answer to the complaint, Bess Eaton raised a number of affirmative defenses, including fraud, failure of consideration, breach of fiduciary duty, and conflict of interest. On September 18, 1996, Visconti & Boren filed a motion for summary judgment with a supporting affidavit of its president, Girard Visconti. Statements summarizing Visconti & Boren's billing records for Bess Eaton's accounts were also provided as an exhibit.[1] Bess Eaton objected to the motion and filed an affidavit of its chief executive officer, Louis Gencarelli, Sr. (Gencarelli), in support of its objection.

In his affidavit, Gencarelli stated that Visconti & Boren's predecessor firm had served as legal counsel for both himself and his siblings in their individual capacities as well as for Bess Eaton. Gencarelli averred that a conflict of interest arose for Visconti & Petrocelli when his siblings filed a shareholder action against Bess Eaton and himself. This alleged conflict led Gencarelli, in October 1994, to demand that Visconti & Petrocelli withdraw as corporate counsel for Bess Eaton. Gencarelli's affidavit also recounted at least two specific instances in which Visconti & Petrocelli's representation of Bess Eaton may have been negligent. A justice of the Superior Court heard the motion for summary judgment on January 2, 1997, and entered a judgment in favor of Visconti & Boren shortly thereafter.

Summary judgment should be granted only if an examination of the admissible evidence, undertaken in a light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I. 1996). When reviewing the grant of a motion for summary judgment, this Court applies the same standards and analysis as those applied by the trial justice. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996).

In our opinion, Gencarelli's affidavit raised sufficient factual issues to challenge whether the amounts sought by Visconti & Boren were all payable without objection. Many of the invoices submitted by Visconti & Boren overlapped in time the period in which Bess Eaton alleged that Visconti & Petrocelli represented parties with adverse interests, negligently performed the services rendered, or otherwise breached duties owed by the firm to Bess Eaton. Accordingly, we conclude that the trial justice erred in granting the motion for summary judgment. Moreover there were issues of fact regarding what work, if any, was performed for Gencarelli's siblings but was billed to Bess Eaton. Because the invoices must be reviewed to ascertain which bills are actually disputed, we remand the case to the Superior Court for such determinations. Should the hearing justice find as a matter of fact that certain bills are not disputed, then the justice may

---

1. Visconti & Boren subsequently submitted more detailed invoices and claimed inadvertence in not filing those invoices with its original motion for summary judgment.

enter a partial summary judgment with respect to those bills.[2]

We point out that actions on book account do not acquire an impregnable status. A party may defend against an action on book account on the basis, for example, of the deficient quality of the goods received or services rendered. A defendant may also raise counterclaims and affirmative defenses in such an action. *See, e.g., World–Wide Computer Resources, Inc. v. Arthur Kaufman Sales Co.*, 615 A.2d 122, 126 (R.I.1992) (defendants' counterclaim for breach of contract presented question for jury in suit brought on book account). Here, in granting Visconti & Boren's motion for summary judgment, the hearing justice remarked to Bess Eaton's counsel, after having observed that Bess Eaton brought its malpractice claim in this action by way of an affirmative defense, "If you have a malpractice suit, bring it. If you don't have a malpractice suit, don't allude to it." Although raising a malpractice claim as an affirmative defense may limit its use to that of a shield rather than that of a sword, Bess Eaton's answer did place the alleged malpractice squarely before the Superior Court. Moreover, Rule 8(c) of the Superior Court Rules of Civil Procedure reinforces this point by providing that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." The fact that Visconti & Boren brought its suit as an action on a book account does not preclude Bess Eaton from asserting its various defenses against Visconti & Boren.

For the foregoing reasons, we sustain the defendant's appeal and vacate the order of the Superior Court that granted a summary judgment to the plaintiff. The papers in this case are remanded to the Superior Court for further proceedings in accordance with this opinion.

---

2. Bess Eaton also appealed the hearing justice's denial of its motion for a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure. Because we have concluded that the hearing justice erred in granting summary judgment, we need not reach this second aspect of Bess Eaton's appeal.