## COMMONWEALTH MORTGAGE ASSURANCE COMPANY SERVICE COMPANY

v.

### Richard J. DiSANO, Sr., and Richard J. DiSano, Jr.

No. 98–135–A.

Supreme Court of Rhode Island.

Dec. 21, 1998.

Susan Lamb Menard, Thomas J. Walsh, Cumberland.

Robert J. Cosentino, Providence.

### ORDER

The defendants, Richard J. DiSano, Sr. and Richard J. DiSano, Jr., appeal from a Superior Court summary judgment in favor of plaintiff, Commonwealth Mortgage Assurance Company Service Company (Commonwealth Mortgage), in the amount of $54,856.28 plus interest and attorney's fees. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this matter without further briefing or argument.

The defendants were the owners of property located at 7 Brighton Street in

---

**1.** The trial justice determined reasonable attorney fees as $4,944 plus costs.

Providence, Rhode Island. In October 1988, the defendants executed a promissory note to Home Owners Federal in the amount of $130,400 which was secured by a mortgage on the Brighton Street property. The mortgage was subsequently assigned to Federal Home Loan Mortgage Corporation (Federal Home Loan) and the loan was serviced by Marine Midland Mortgage Corporation (Marine Midland). The defendants became delinquent in their payments under the note and the mortgage was foreclosed. Federal Home Loan purchased the property at the foreclosure sale for $85,000 and then assigned the note to plaintiff, Commonwealth Mortgage. The plaintiff brought suit against defendants for the deficiency remaining on the note, $54,856.28. The plaintiff filed a motion for summary judgment, which was granted.

On appeal, defendants argue that their reliance upon the promises made by employees of Marine Midland, indicating that defendants would be allowed to refinance their mortgage at a lower interest rate, caused them to unknowingly breach the conditions of the promissory note. The record contains copies of several pieces of correspondence between Marine Midland and defendants; there is no indication in any correspondence that Marine Midland promised to refinance defendants' loan. In fact, as late as April 20, 1994, defendants' attorney wrote to Marine Midland outlining his client's financial situation and requesting a restructuring of the loan.

Summary judgment is proper only if an examination of the admissible evidence, undertaken in a light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Visconti & Boren Ltd. v. Bess Eaton Donut Flour Co.*, 712 A.2d 871, 872 (R.I.1998) (per curiam) (citing *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)). In addition, a litigant opposing a properly supported motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, conclusory statements, or legal opinions. *Sullivan v. Town of Coventry*, 707 A.2d 257, 259 (R.I. 1998) (per curiam) (citing *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I. 1991)).

After careful consideration of the record in this case and the materials filed by the parties, we are of the opinion that the trial justice did not err in entering summary judgment in favor of plaintiff. Therefore, defendants' appeal is denied and dismissed and the judgment appealed from is affirmed.