AMERICAN EXPRESS BANK, FSB

v.

Cory JOHNSON.

No.  2007–222–Appeal.

Supreme Court of Rhode Island.

April 14, 2008.

Joseph Rothemich, Esq., Coventry, for petitioner.

Raymond Ripple, Esq., Providence, for respondent.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

Justice SUTTELL, for the Court.

The defendant, Cory Johnson, appeals from the Superior Court's entry of summary judgment in favor of the plaintiff, American Express Bank, FSB (American Express), for $928,028.64, plus interest and costs. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal should not be summarily decided. After considering the parties' arguments and memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. For the reasons stated in this opinion, we affirm the judgment of the Superior Court.

### Facts and Procedural History

This case stems from defendant's zealous use of an American Express Business Platinum Card Account (the account). The account was opened in August 2005 in the names of Mr. Johnson and Mixitforme.com, a now-defunct business that specialized in selling discounted small electronics to consumers on the internet. According to the account statements, defendant used the credit card to purchase more than supplies and inventory for the business. Indeed, the statements reflect charges for stays in luxury villas and hotels, shopping sprees in Beverly Hills, California, private yacht charters, exotic car rentals, and international flights. Mr. Johnson disputed various charges, however, and the February 2006 statement contained the notation: "Your disputed charge is under review. There is no need for you to pay the disputed amount of $204,926.74 at this time." The specific charges that defendant disputed or his rationale for disputing those charges, however, is not in the record. On May 17, 2006, American Express filed this action against defendant to recover the sum of $947,126.81, plus costs and fees, alleging breach of contract, account stated, and unjust enrichment.[1]

---

1. The parties agree that the final account balance, excluding the disputed charges, was

American Express filed a motion for summary judgment that was heard on February 12, 2007. At the hearing, defendant acknowledged liability for any amounts legitimately charged to the account, but argued that he should not be held responsible for the entire amount because he contested more than $200,000 of the charges on the account. The defendant filed an affidavit with the court stating that he disputed several of the charges on the account with American Express, but he failed to make any specific statements about which charges he was disputing. Based on the evidence at hand, the trial justice granted American Express's motion for summary judgment on the issue of liability and scheduled another hearing on the issue of damages.

At the second hearing on American Express's motion for summary judgment, defendant again failed to provide any additional information on the disputed amount. The defendant alleged that he was unable to produce a record of the charges he was contesting because once American Express canceled the account, defendant no longer had access to the account online.[2] The trial justice reasoned that "[i]f there is a dispute as to the accuracy of the [account] records, it shifts the burden to the defendant to poke holes in the amount stated * * * in those records" and that "[o]ther than coming forward and saying I don't owe that much, what [defendant] failed to do is come forward and say I specifically don't owe this amount." As a result, the trial justice granted plaintiff's motion for summary judgment for $928,028.64,[3] and on April 17, 2007, judgment was entered in favor of American Express.

On appeal, defendant argues that the trial justice erred in granting American Express's motion because defendant's affidavit presented an issue of material fact that precluded the entry of summary judgment.

### Standard of Review

■■■ This Court reviews the granting of a motion for summary judgment on a *de novo* basis. *DiBattista v. State*, 808 A.2d 1081, 1085 (R.I.2002). "[W]e will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I.2005) (quoting *DiBattista*, 808 A.2d at 1085). "Moreover, 'a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions.'" *Tanner v. The Town Council of East Greenwich*, 880 A.2d 784, 791 (R.I.2005) (quoting *Lucier*, 864 A.2d at 638).

### Discussion

■■■ The defendant argues that the trial justice erred in granting American Express's motion for summary judgment because defendant disputed charges on the account with American Express before the account was closed. The defendant contends that the instant case is analogous to the factual situation in *Visconti & Boren*

---

$928,068.64 because a credit of $19,058.17 was placed on the account after plaintiff filed its complaint.

**2.** Mr. Johnson represented that the disputed charges were entered electronically.

**3.** Although the written judgment was entered for $928,028.64, we note that at the hearing the trial justice granted judgment in the amount of $928,068.64.

*Ltd. v. Bess Eaton Donut Flour Co.*, 712 A.2d 871, 872 (R.I.1998). In *Visconti,* the Superior Court entered summary judgment in favor of the plaintiff law firm on a book-account claim after the plaintiff submitted invoices concerning the amount that the defendant owed. *Id.* The defendant objected on the grounds that genuine issues of material fact precluded summary judgment because the defendant's affidavit avowed that several specific charges submitted by the plaintiff were for legal representation that was negligently performed. *Id.* On appeal, this Court reversed the decision of the trial court and held that sufficient factual issues existed with regard to the invoices and the amount in dispute. *Id.* Mr. Johnson submits that the instant case mirrors *Visconti* because he stated in his affidavit that he had disputed numerous charges that never had been resolved. We disagree. Unlike the affidavit that the defendant submitted in *Visconti,* the affidavit submitted by Mr. Johnson in the instant case consists of a mere conclusory statement that he had disputed numerous unspecified charges. He did not specify which charges he had challenged, nor did he come forward with evidence of the amount he alleged to be in dispute.

We believe this case to be more analogous to the facts underlying our opinion in *Egan's Laundry & Cleaners, Inc. v. Community Hotel Corporation of Newport, R.I.*, 110 R.I. 719, 297 A.2d 348 (1972) (*Egan's Laundry* ). In *Egan's Laundry,* the plaintiff filed a complaint to collect on a book account for laundry services rendered to the defendant. *Id.* at 720, 297 A.2d at 349. The defendant filed a reply that generally denied owing the amount stated in the plaintiff's book account. *Id.* at 720–21, 297 A.2d at 350. This Court stated that there exists "an affirmative duty on the adverse party to set forth facts showing that there is a genuine issue of fact that will be resolved at trial. Such party must act diligently and in good faith to rebut the evidence presented in support of the motion, and he may not save his evidence until the day of trial." *Id.* at 723, 297 A.2d at 351 (citing *Gallo v. National Nursing Homes, Inc.*, 106 R.I. 485, 488, 261 A.2d 19, 21 (1970)).

Here, the defendant's affidavit fails to specify the charges he is challenging, the reasons he is challenging them, and the amounts he is disputing. An unsupported statement that the defendant has disputed some of the charges is insufficient to defeat the plaintiff's motion for summary judgment. As we said in *Egan's Laundry,* 110 R.I. at 723, 297 A.2d at 351, "the bald assertion that [factual issues] do exist is insufficient to place the [defendant] beyond the reach of summary judgment."

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court and remand the papers to the Superior Court.

Justice ROBINSON did not participate.