March 22, 2021

**Supreme Court**

No. 2019-366-Appeal.
(PC 17-3278)

Citizens Bank, N.A.            :

v.                            :

Taino J. Palermo, alias.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Citizens Bank, N.A.          :

v.          :

Taino J. Palermo, alias.          :

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  The defendant, Taino Palermo,[1] appeals *pro se* from a Superior Court entry of summary judgment in favor of the plaintiff, Citizens Bank, N.A., in the amount of $42,093.88 plus interest and costs, emanating from two delinquent student loans.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has

---

[1] In the lower court proceeding and before this Court, the defendant identifies himself as "Ama Guatu, commercially known as 'Taino Palermo.'" He also asserts that he is a citizen and beneficiary of the "Baramaya Guainia Tribal Trust and Clan."

-1-

not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

On July 4 and 25, 2007, defendant entered into two separate student loan agreements. The defendant received those student loans from Charter One Bank. The original principal amounts of the loans were $15,000 and $10,000.

From the uncontroverted evidence, it is clear that, on August 31, 2004, prior to the issuance of the loans, Charter One Financial, Inc., the parent company of Charter One Bank, merged with Citizens Financial Group, Inc., the holding company for plaintiff. On September 1, 2007, the individual banks under Citizens Financial Group, Inc. merged into RBS Citizens, N.A. On April 27, 2015, Charter One Bank changed its name to Citizens Bank, N.A.

On July 13, 2017, plaintiff filed the instant action seeking damages for the remaining amounts due on the loans, based on the assertion that defendant was in default on those loans. The plaintiff alleged that defendant owed $25,110.33, plus interest, on the first loan and $16,523.40, plus interest, on the second loan. On May 28, 2018, defendant filed a motion to dismiss on jurisdictional grounds based upon his tribal membership. The plaintiff objected to defendant's motion to dismiss and filed a motion for summary judgment on February 20, 2019.

At a hearing on the parties' motions, the hearing justice denied defendant's motion to dismiss, finding that the Superior Court had subject-matter jurisdiction over the case.[2] During the hearing, defendant admitted to signing the loan documents and that the loans were in default. The defendant's main contention at the hearing was that summary judgment was improper because plaintiff had not taken into account a $600 offset that should have been applied to his loan balance. He also maintained that there was no documentation that showed the relationship between Charter One Bank, the original lender, and plaintiff.

The hearing justice asked plaintiff for supplemental briefing regarding the issue of how plaintiff acquired the loans as well as the issue of the $600 offset that was brought to the court's attention by defendant during the hearing. After plaintiff filed a supplemental affidavit as to the offset and the merger of Charter One Bank with plaintiff, the court held a second hearing. At that hearing, defendant noted an additional offset of $353.46 that should have been applied to his loan balance, and plaintiff agreed to reduce the judgment by that amount. The hearing justice then

---

[2] Specifically, the hearing justice indicated that Federal Public Law 280, which defendant cited in support of his motion to dismiss, pertained to civil actions arising on designated tribal lands and was not relevant to the case at bar. Public Law 280 gives jurisdiction to certain states to handle civil actions involving Native Americans that arise on designated tribal lands. *See Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16, 27 (1st Cir. 2006). It does not apply in Rhode Island or New York, and it is wholly irrelevant to defendant's argument as to the asserted lack of subject-matter jurisdiction. *See* 18 U.S.C. § 1162; 28 U.S.C. § 1360.

granted summary judgment in favor of plaintiff in the amount of $42,093.88. Judgment entered in favor of plaintiff for that amount on August 5, 2019. The defendant timely appealed.

## Standard of Review

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 598 (R.I. 2019).

> "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (quoting *Sullo v. Greenberg*, 68 A.3d 404, 406-07 (R.I. 2013)).

"Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Sullo*, 68 A.3d at 407).

## Discussion

On appeal, defendant makes several arguments. He first maintains that there remains a question of fact as to how plaintiff acquired the loans from Charter One Bank. Second, he argues that the supplemental affidavit submitted by plaintiff explaining the merger is insufficient because it is not based upon personal

knowledge. Third, defendant contends that plaintiff did not provide an offset for the $353.46, even though plaintiff had agreed to do so at the second hearing. Finally, in his supplemental statement, defendant contends that, as "Principal Chief and Tribal Trust Manager" of the Baramaya Guainia Tribal Trust and Clan, he has sovereign immunity from civil lawsuits.

It is well established that there is "an affirmative duty" on a party responding to a motion for summary judgment "to set forth facts showing that there is a genuine issue of fact that will be resolved at trial." *Midland Funding LLC v. Raposo*, 222 A.3d 484, 487 (R.I. 2019) (quoting *American Express Bank, FSB v. Johnson*, 945 A.2d 297, 300 (R.I. 2008)). "Such party must act diligently and in good faith to rebut the evidence presented in support of the motion." *Id.* (quoting *American Express Bank*, 945 A.2d at 300). "The mere assertion that there are circumstances which, if believed, would serve to nullify [a plaintiff's] claim without any factual context is insufficient to place [a defendant] beyond the reach of summary judgment." *Id.*

Here, in support of its motion for summary judgment, plaintiff submitted a supplemental affidavit from the custodian of records for plaintiff who swore, based on personal knowledge, that Charter One Bank had merged with plaintiff and recounted the history of the merger as set forth *supra*. The affiant further stated that, through the merger, plaintiff acquired all rights associated with being a creditor of

defendant's two student loans at issue in this case. The defendant has not submitted any evidence to contravene these assertions. Further, at the hearing on August 2, 2019, plaintiff agreed to credit $353.46 to the amount owed by defendant. A review of the record reveals that this credit was applied, as the amount of the judgment is exactly $353.46 less than the amount that plaintiff had stated was owed by defendant in plaintiff's supplemental affidavit.[3] The defendant has failed to submit evidence demonstrating that the amount set forth by plaintiff in its supplemental affidavit did not include the $353.46 that was later offset by the court. In the face of this uncontroverted evidence, it is clear that there is no question of material fact as to the issue of the owner of the loans or as to the issue of the alleged $353.46 offset.

Finally, the defendant's invocation of sovereign immunity is of no moment to this appeal. "The general rule is that tribal sovereign immunity does not protect individual members of an Indian tribe." *Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16, 30 (1st Cir. 2006). "At its most expansive, tribal sovereign immunity may extend to tribal *officers*—but only when such officers are acting within the legitimate scope of their official capacity." *Id.* There is no indication in the record that the defendant entered into the student loan agreements while acting within the scope of his position as a tribal officer. In addition, he has failed to demonstrate that

---

[3] The plaintiff's supplemental affidavit states that defendant owes a total of $42,447.34 plus interest and costs.

Rhode Island state courts otherwise lack jurisdiction over the loan agreements in this case.[4]

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court and remand the papers to the Superior Court.


Justice Long did not participate.

---

[4] The hearing justice found, and we agree, that the Superior Court has subject-matter jurisdiction over the plaintiff's claim, and personal jurisdiction over the defendant.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Citizens Bank, N.A. v. Taino Palermo, alias. |
| **Case Number** | SU-2019-0366-Appeal. (PC 17-3278) |
| **Date Opinion Filed** | March 22, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Thomas W. Lyons, III. <br> Rhiannon S. Huffman, Esq. <br><br> For Defendant: <br><br> Taino J. Palermo, Pro Se |