Richard J. CONNELLY

v.

## CITY OF PROVIDENCE RETIREMENT BOARD et al.

No. 89–497–M.P.

Supreme Court of Rhode Island.

Jan. 14, 1992.

Ralph Chiodo, Providence, for plaintiff.

Richard Riendeau, David Curtin, Pawtucket, for defendants.

## OPINION

KELLEHER, Justice.

We have issued a common-law writ of certiorari to review a decision of the Retirement Board of the City of Providence (retirement board) denying the request of the plaintiff, Richard J. Connelly (Connelly), for accidental-disability retirement benefits.

On January 8, 1986, Connelly applied to the retirement board for accidental-disability retirement. On March 4, 1985, Connelly, a firefighter, was pulling a "booster line" at the site of a fire when he felt a sharp pain in his back. He was taken to Rhode Island Hospital. Connelly received injury pay from the city from March 4, 1985, until March 27, 1987, when his employment was terminated.

Shortly after having been injured, Connelly underwent treatment with Dr. Joseph A. Izzi. Doctor Izzi determined that Connelly was totally disabled and that "[t]he incident in question is responsible for the patient's present difficulties." In July 1985 Dr. Izzi informed the Providence Fire Department that he was unable to help

Connelly and was therefore referring him to a neurosurgeon, Dr. Eugene Russo. Doctor Russo admitted Connelly to St. Joseph Hospital for a variety of tests in August 1985. According to the discharge summary signed by Dr. Russo, the results of Connelly's myelogram were normal; however, Dr. Russo diagnosed Connelly's condition as a "lumbar strain," and in a letter to the retirement board dated December 10, 1985, he documented his belief that Connelly was unable to perform full- or light-duty work.

Six months later Connelly's application for accidental-disability retirement was presented to the retirement board at its June 26, 1986 meeting. At that time the retirement board received reports from three different doctors, each of whom had examined Connelly at the board's request. Each doctor expressed the belief that Connelly was disabled in terms of his usual occupation as a firefighter. None suggested that Connelly's disability was caused by anything other than the episode in question. Nevertheless, the retirement board voted to deny Connelly's request "based on the medical evidence."

Shortly thereafter Connelly appealed to the retirement board, requesting that it once again consider his application for accidental-disability retirement. The retirement board denied the appeal but invited Connelly to submit new, additional medical evidence for reconsideration. On September 25, 1986, several letters from examining physicians were presented to the retirement board. One letter indicated the physician was of the belief that Connelly might engage in "light duty," as that term has been defined by the Providence Fire Department. Another letter documented a different doctor's similar conclusions—that Connelly was disabled as a firefighter but could do sedentary light work.

Again the retirement board considered Connelly's request for accidental-disability retirement benefits at a March 1987 meeting. The record indicates that Connelly's attorney addressed the retirement board regarding his client's application before the retirement board voted to withdraw into an executive session. When the meeting reconvened, the retirement board voted to deny Connelly's application for accidental-disability retirement but did vote to grant him ordinary-disability retirement benefits. Both decisions were based "on the medical evidence" with no further explanation.

In early October 1987 Connelly filed a complaint in Providence County Superior Court against the retirement board and the Providence Fire Department for breach of contract and declaratory injunctive relief. The trial justice declined to grant Connelly any of the relief he requested, finding that the court lacked the power under G.L.1956 (1985 Reenactment) chapter 30 of title 9, the Uniform Declaratory Judgments Act, to order the retirement board to pay benefits or damages. The trial justice also denied Connelly's request for injunctive relief, finding that Connelly had an adequate remedy at law under this court's supervisory powers as expressed in G.L.1956 (1985 Reenactment) § 8–1–2. The trial justice also was of the belief that Connelly was not entitled to a mandatory injunction because it was "not entirely clear that Connelly [had] a right to accidental disability retirement benefits." Connelly filed a timely appeal from the Superior Court judgment, which was dismissed on its merits by this court.

In October 1989 Connelly then filed a petition for writ of certiorari to this court. The petition was granted on May 24, 1990, and the case was heard in oral argument on March 6, 1991. At that time we determined that the writ was inadvertently served on the Superior Court and not properly upon the retirement board. We granted Connelly permission to amend his petition for certiorari to clarify that his appeal concerned the actions of the retirement board and not the actions of the Superior Court, then we issued a new writ of certiorari to the retirement board compelling it to send its complete records on this matter promptly.[1] Connelly has not amended his

1. *Connelly v. City of Providence Retirement Board,* No. 89–497–Appeal, order entered March 11, 1991.

petition, and no new briefs or written memoranda have been filed by either party concerning the issues before us. On October 4, 1991, shortly before a second oral argument, this court was notified that the Providence Retirement Office could not locate its file on Connelly.

With the decision of the retirement board properly before us,[2] we turn to review its denial of Connelly's application for accidental-disability retirement benefits. We quash the retirement board's decision and remand the case with directions.

Connelly argues that the retirement board erred in granting him ordinary-disability retirement benefits since he has met the requirements entitling him to accidental-disability benefits.

■ The circumstances in which an employee may receive ordinary or accidental-disability retirement benefits are set forth in P.L.1923, ch. 489, § 9, entitled "An Act to Provide For the Retirement of Employees of the City of Providence" (the act). One may qualify for accidental-disability retirement benefits if the required medical examinations show that the employee is physically or mentally incapacitated as a proximate result of an accident while in the performance of duty and that such disability is not the result of willful negligence or misconduct on the part of the employee or the result of age or length of service. P.L. 1923, ch. 489, § 9(5). An employee whose retirement is based upon accidental disability receives a pension of 66⅔ percent of his or her final compensation. P.L.1923, ch. 489, § 9(6)(b). One may qualify for ordinary-disability retirement if the required medical examination shows that the employee is physically or mentally incapacitated for the performance of duty. P.L.1923, ch. 489, § 9(3). The employee who retires

on the basis of ordinary disability receives up to 45 percent of his or her final compensation. P.L.1970, ch. 102, §§ 10–11. The sole difference between accidental and ordinary benefits is the manner in which an employee becomes disabled, which accounts for the difference in compensation.

Connelly submitted to the required examinations, each of which concluded that Connelly was disabled in terms of performing his usual job as a firefighter. Regarding the cause of his injury, the report of Dr. Theodore F. Scarlatos indicates that "[a]s per the history given by the patient [Connelly] the incident in March of 1985 is the probable cause of the patient's current symptoms and disabilities." Connelly's original treating physician, Dr. Izzi, noted a previous lower-back injury but nevertheless stated that the incident on the job caused Connelly's present difficulties. The record is devoid of any other determinative cause of Connelly's disability.

■ The language of the act is mandatory, not discretionary. If the required showing of disability as a result of an accident on the job is made, "the retirement board *shall* retire the said member for accidental disability." (Emphasis added.) P.L.1923, ch. 489, § 9(5). We have previously stated that "[t]he word 'shall' usually connotes the imperative and contemplates the imposition of a duty, unless the particular context and plan require a contrary meaning." *Brown v. Amaral*, 460 A.2d 7, 10 (R.I.1983) (quoting *Carpenter v. Smith*, 79 R.I. 326, 334–35, 89 A.2d 168, 172–73 (1952)). The retirement board denied accidental-disability benefits and granted ordinary-disability benefits "based on the medical evidence." However, there is no medical evidence that Connelly's injury arose as a result of anything other than the March 4, 1985 incident. Nor is there any dispute

2. Although Connelly's petition has slowly meandered its way to this court, the propriety of his request, laid out in the original petition and brief, is within this court's scope of review on writ of certiorari. *Berberian v. Department of Employment Security*, 414 A.2d 480 (R.I.1980). When first before this court, the record of the proceedings before the retirement board was not part of the current record. Consequently the

board's decision could not have been reviewed. However, the retirement board's records have been sent to this court. Had Connelly amended his petition, the question of the correctness of the retirement board's decision would have been more neatly presented. However, the combination of Connelly's original petition and the contents of his brief place the retirement board's decision properly before us for review.

that the incident occurred at a fire or that Connelly was engaged in his duty as a firefighter at the time. A review of the retirement board's records indicates that its decision is not supported by any evidence or, at least, any evidence available to the retirement board at this time since its file on Connelly is lost. Accordingly the retirement board could not exercise any discretion in this dispute because the requisite showing had been made and no evidence contravened this statutorily mandated conclusion.

The petition for certiorari is granted, the decision of the retirement board is quashed, and the case is remanded to the retirement board with directions that Connelly be awarded accidental-disability benefits.