Richard J. CONNELLY

v.

**RETIREMENT BOARD OF the CITY OF PROVIDENCE et al.**

No. 93–34–Appeal.

Supreme Court of Rhode Island. ·

Oct. 14, 1993.

Stephen Breggia, Providence.

Richard Riendeau, Richard Skolnik, Providence.

ORDER

This case came before the court for oral argument on October 7, 1993, pursuant to an order directing all parties to show cause why Richard J. Connelly's (plaintiff) appeal of the denial of his request for prejudgment interest on accidental disability benefits should not be summarily decided.

After hearing the arguments of counsel for the parties and reviewing the memoranda submitted, we are of the opinion that cause has not been shown.

The single issue raised is whether G.L. 1956 (1985 Reenactment) § 9–21–10, "Interest in civil actions," is applicable to the granting of the petition for writ of certiorari by this court in *Connelly v. City of Providence Retirement Board,* 601 A.2d 498 (R.I.1992). There, the court remanded the case to the retirement board with directions that the plaintiff be awarded benefits. We have held that the "judgment" referred to in § 9–21–10 refers to a final judgment that is affirmed by this court after consideration and rejection of contentions. *Lombardi v. Goodyear Loan Co.,* 549 A.2d 1025 (R.I.1988); *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.,* 494 A.2d 897 (R.I.1985). We are of the opinion that this court's writ of certiorari constituted the requisite final judgment. The subsequent issuance of the writ of mandamus by the Superior Court merely enforced this court's prior order.

We are of the opinion that the determination of benefits was not an award of damages to which the statute would apply. We con-

clude, therefore, that the plaintiff is not entitled to interest.

For these reasons the plaintiff's appeal is denied and dismissed, and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.