DECISION
This matter is before the Court on plaintiff's Petition for a Writ of Mandamus and defendants' Motion for Summary Judgment, pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure.
 Facts/Travel
Plaintiff John Orabona (Orabona) worked for the City of Providence (City) and contributed to the City's retirement system for approximately seven years prior to 1988. In order to qualify for a pension from the City, Orabona needed additional service credit. During 1988 and 1989, while employed as an administrative assistant to Mayor Paolino, Orabona made several purchases of service credit totaling over 18 years by application to the Retirement Board of the Employees' Retirement System of the City of Providence (Retirement Board). On various occasions, representatives of the City's Retirement System, upon Orabona's request, had confirmed his service credit. In late 1995, Orabona submitted an application for his pension to the Retirement Board. The Retirement Board, without mention of any objection, approved Orabona's application during its November 15, 1995 meeting. Thereafter, the City Solicitor advised the City Controller that the Retirement Board had exceeded its authority in approving Orabona's application and further advised him to withhold payment of the pension.[1]
In 1986, before Orabona's purchases, the City Council adopted Ordinance 1986, chapters 86-1 and 86-38, subsequently codified as § 17-125, which states, "No city employee shall be allowed to buy back time for pension purposes without the express approval of the city council, with the exception of purchasing military service." The record contains no evidence that the City Council, pursuant to § 17-125, expressly approved Orabona's purchases of service credit.[2] The City Council, however, has approved or disapproved the applications of many employees seeking purchase(s) of service credit.
On April 3, 1998, plaintiff filed a complaint in this Court against defendants Vincent A. Cianci, in his capacity as Mayor of Providence; Joseph Chiodo, in his capacity as Controller of the City of Providence; Charles Mansolillo, in his capacity as Solicitor of the City of Providence; and the City of Providence, by and through its Treasurer, Stephen Napolitano (collectively, defendants or City) subsequent to a decision of the United States District Court for the District of Rhode Island, which matter arose of out essentially the same facts as those of the subject suit.[3] The instant complaint seeks injunctive relief, a writ of mandamus, and damages.
Orabona petitioned for a Writ of Mandamus ordering that the City pay. Orabona his contractual pension benefits and moved for a hearing date. The defendants objected to plaintiffs Petition and shortly thereafter moved for summary judgment to which the plaintiff objected. The matter was heard on November 18, 1999. The dispositive motion for summary judgment shall be addressed first.
 Standard of Review: Summary Judgment
"[S]ummary judgment is a drastic remedy that should be cautiously applied." McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990) (citing cases). In considering a motion for summary judgment, the Court must determine whether there is a genuine issue of any material fact that must be resolved. Goldarese v. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991). Summary judgment is proper "only if an examination of the admissible evidence, undertaken in the light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Visconti Boren Ltd. v. Bess Eaton Donut Flour Co., 712 A.2d 871, 872 (R.I. 1998) (per curiam) (citing Rotelli v. Catanzaro, 686 A.2d 91, 93 (R.I. 1996)). "Furthermore, a litigant opposing a properly supported motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, conclusory statements, or legal opinions."Sullivan v. Town of Coventry, 707 A.2d 257, 259 (R.I. 1998) (per curiam) (citing Manning Auto Parts, Inc. v. Souza, 591 A.2d 34, 35 (R.I. 1991)).
Orabona essentially argues that his purchases of service credit were proper and correctly endorsed by the Retirement Board vote because the subject ordinance is unenforceable, or alternatively, not applicable to him.
The City Council has expressly legislated that "No city employee shall be allowed to buy back time for pension purposes without the express approval of the city council ..." § 17-125. The Retirement Board, like all city departments, is subject to the legislative power of the City Council delineated in the City's Home Rule Charter. Retirement Board ofthe Employees' Retirement System of the City of Providence v. CityCouncil of Providence, 660 A.2d 721, 728 (R.I. 1995); Betz v. Paolino,605 A.2d 837, 839 (R.I. 1992). Therefore, the Retirement Board, being subject to the legislative power of the City Council, may not contravene said ordinance. Although Orabona argues that the subject ordinance is unenforceable as invalid or unconstitutional, this Court finds no requisite showing to support this contention. Without recounting all that has transpired between the City Council and the Retirement Board, including enforcement or non-enforcement of the subject ordinance, this Court finds that Orabona' s purchase of the service credit without the City Council's approval violates the ordinance and therefore is illegal. Unlike the Controller's withholding payment, the Retirement Board's approval of Orabona's pension application is ultra vires.
Alternatively, Orabona contends that the City is precluded from enforcing the ordinance against him. When the Retirement Board acted on Orabona's application, Orabona argues, no one, including the City Solicitor's representative, mentioned the illegal purchases of service credit. Orabona argues that he relied on representations made at various times by representatives of the Retirement System regarding his pensionable status and that the City is estopped from denying payment of his pension.
Although "[a] municipality may, when acting within its authority, be estopped from denying that its acts induced another's detrimental reliance, [s]uch an estoppel cannot be applicable when the municipality's acts were clearly ultra vires." Technology Investors v. Town ofWesterly, 689 A.2d 1060, 1062 (R.I. 1997) (citation omitted). "A municipality is without power to violate its own ordinances." Elmhurst exrel. Mastrino v. Elmhurst, 649 N.E.2d 1334, 1338 (Ill. App. 2 Dist. 1994) (citation omitted). Accordingly, Orabona's approval by the Retirement Board or other related representations "cannot be relied upon to confer on [Orabona] a status that the law does not otherwise entitle him to obtain." Donnelly v. Almond, 695 A.2d 1007, 1009 (R.I. 1997).
Orabona refers to the quasi-judicial capacity of the Retirement Board and its authority to apply the facts before it to the appropriate law. Citing Connelly v. City of Providence Retirement Board, Orabona argues that the Retirement Board relied on the evidence before it and therefore, the City has no basis in fact to contradict the conclusion reached by the Retirement Board. Connelly v. City of ProvidenceRetirement Board, 601 A.2d 498 (R.I. 1992). Orabona further argues that the City waived its right to enforce the ordinance because it was not raised before the subject vote of the Retirement Board. Therefore, Orabona contends, the evidence before the Retirement Board was that his application was proper and the Retirement Board's favorable decision was not clearly erroneous. Orabona here further suggested that the matter before this Court is subject to § 15 of G.L. 1956 (1993 Reenactment) chapter 35, of title 42 (the APA), and therefore, this Court's review of the record is pursuant to that standard.
The illegality underlying the Retirement Board's approval of Orabona's pension cannot be legitimized by this Court. The instant fact pattern is not analogous to that of the Connelly case, on which Orabona relies.Connelly involved a retirement board's improperly denying accidental-disability retirement benefits to a firefighter. Despite the firefighter's making a requisite showing for said benefits and there being unopposed medical evidence, the retirement board inappropriately exercised discretion in contravention of a "statutorily mandated conclusion." Id. at 501. However, in the instant matter, as in Connelly,
legislative compliance is required. Here the operant ordinances and statutes could have been judicially noticed by the Retirement Board.Toohey v. Kilday, 415 A.2d 732, 738 (R.I. 1980) ("[T]he board itself, as a municipal tribunal, could have "judicially noticed' the regulation enacted by the municipality that created it.") (citations omitted). Compliance therewith is not waived because of lack of mention. Further, as the Retirement Board is not a state agency with rule making power or an authority, pursuant to § 1, subsections (a) and (b) of the APA, this Court does not utilize the § 42-35-15 standard of review in this action.
Orabona also contends that he met the requirements for service after his purchases of service credit in 1989 and that his pension then became vested, a contractual right. He further argues the Retirement Board ratified his purchases in 1995. However, Orabona's rights to a pension would not be secure until he met the minimum service or other requirements established in the plan. See McGrath v. Rhode IslandRetirement Board, 88 F.3d 12, 20 (1st Cir. 1996); Berard v. RoyalElectric. Inc., 795 F. Supp. 519, 526 (D.R.I. 1991) ("[A] vested right to pension benefits arises once a plan participant has met and satisfied all conditions establishing eligibility to receive the benefits."). This Court, finding that Orabona's purchases of service credit were invalid, holds that Orabona cannot rely on such purchases to satisfy the requisite service requirement. Accordingly, Orabona has not established vested pension rights with respect to the above.
Orabona also argues that the City has singled him out from other persons similarly situated, noting specifically that a pension has not been withheld from others whose pension application received Retirement Board approval despite illegal purchase of service credit. He contends that the City's unprecedented, politically motivated action of withholding his pension violates his equal protection rights. Orabona's claim that he is the only one to whom the 1986 ordinance was made applicable, is belied by evidence, as noted in the March 27, 1998 transcript of the United States District Court. That transcript reflects that the city solicitor:
 "raised the point with at least two others. There's a dearth of evidence in this case. What happened with the hundred or so other people who were in the same category we don't know. ... There's no evidence from which I can make a determination that anyone approaches him in the purchase of these kinds of credits. There's simply no equal protection claim here based on the evidence." (Tr. at 32).
Additionally, if the City had permitted a pension to be granted to another applicant similarly situated to Mr. Orabona, the City lacked that authority to do so pursuant to ordinance. Further,
 "[m]ere failure to prosecute other offenders is not a basis for finding a denial of equal protection.' To put it another way, "equal protection does not require that all evils of the same genus be eradicated or none at all.' If that were the case, every law that is not perfectly administered would be unenforceable." Felice v. Rhode Island Board of Elections, 781 F. Supp. 100, 106 (D.R.I. 1991) (citations omitted).
Finally, Orabona argues that the City's withholding of his pension, pursuant to the City Solicitor's counsel, without prior notice or hearing, denies his procedural due process guaranty. Orabona further contends that the applicable retirement ordinance contains no rules for appeal. Here the City Solicitor, who is "the chief legal advisor and attorney for the city and all boards, [and] officers...," which include the Retirement Board and the City Controller, did not need to exercise his own initiative, for suitable process" after rendering his opinion regarding the illegality of the Retirement Board's action and directing the Controller to withhold payment. See City of Providence Charter, § 603(b). The Controller heeded the legal advice of its attorney. Orabona is now before this Court pursuing available remedies, including mandamus. Having such opportunity "to challenge the propriety of the [C]ity's action," this Court believes, satisfies any relevant requirements of procedural due process. Trembley v. City Council ofCentral Falls, 480 A.2d 1359, 1365 (R.I. 1984). Even the Administrative Procedures Act, to which Orabona incorrectly alludes for its standard of review, provides for review of its agency actions in this Superior Court.
To prevail against the motion for summary judgment, Orabona must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. This Court, finding no such issue and that defendants are entitled to judgment as a matter of law, grants defendants' motion for summary judgment.
 Standard: Mandamus
Summary Judgment having been granted as aforesaid; no further discussion of plaintiffs demand for mandamus is necessary; however the court notes that "[A] common-law writ of mandamus will issue only in order to require the performance of a ministerial duty not involving the exercise of discretion at the request of a party who has a clear legal right to demand its performance." Operation Clean Government v. RhodeIsland Commission on Judicial Tenure and Discipline, 741 A.2d 257, 262 (R.I. 1999).
Here Orabona moves this Court to issue a writ of mandamus ordering the City to pay his pension which relies on service credit purchased in violation of ordinance. Orabona has not made and cannot make the requisite showing of a clear legal right. Accordingly, this Court in any event would deny plaintiff's petition for a writ of mandamus.
Counsel shall submit an appropriate order and judgment for entry.
[1] The powers and duties of the City Solicitor and the City Controller are found in the Charter of the city of Providence, sections 603(b) and 813(b) respectively. Section 603(b) of the Charter provides, in relevant part,
 "[Powers and duties.] The powers and duties of the city solicitor shall be without limitation, the following: ...
 (2) To be the chief legal advisor of and attorney for the city and all departments, boards, commissions, bureaus and officers thereof in matters relating to their official powers and duties;" Section 813(b) of the Charter provides, in relevant part,
 "The powers and duties of the city controller shall include, without limitation, the following: ...
 (4) To audit before payment of all bills, invoices, payroll and other claims, demands or charges against the city, and approve the same only if proper, legal and correct;"
[2] "Ordinances and Resolutions of the City of Providence are received and retained in the office of the City Clerk under its care, custody and control." (Aff. of Barbara A. Poirier, Suppl. to Record, Exh. B). "A due and diligent search was made of the City Clerk's office for any Ordinances and/or Resolutions from 1985 to the present, authorizing the purchase of service credits by John Orabona, and no such document(s) were found." (Aff. of Barbara A. Poirier, Suppl. to Record, Exh. B).
[3] In John Orabona v. Retirement Board of the Employees' RetirementSystem of the City of Providence, Retirement Board of the Rhode IslandEmployees' Retirement System and the City of Providence, C.A. 96-49, (D.R.I. March 30, 1998), judgment was entered on the City's motion for judgment as a matter of law, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, for the defendant City of Providence against plaintiff John Orabona on Counts 2 and 3 (§ 1983, violation of due process, violation of equal protection). Counts 1, 4 and 5 (breach of contract, mandamus and equitable estoppel) were dismissed without prejudice.