December 17, 2019

**Supreme Court**

No. 2019-36-Appeal.
(KD 18-58)
No. 2019-38-Appeal.
(KD 18-59)

Midland Funding LLC, assignee of Chase    :
Bank USA, N.A.

v.    :

Tammy Turcotte Raposo.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2019-36-Appeal.
(KD 18-58)
No. 2019-38-Appeal.
(KD 18-59)

Midland Funding LLC, assignee of Chase   :
Bank USA, N.A.

v.              :

Tammy Turcotte Raposo.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, Tammy Turcotte Raposo, appeals from the entry of two Superior Court judgments in favor of the plaintiff, Midland Funding, LLC (Midland), in these consolidated credit-card debt collection appeals. Raposo contends on appeal that the hearing justice erred in granting Midland's motions for summary judgment. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments, we shall decide the appeal at this time. For the reasons stated in this opinion, we affirm the judgments of the Superior Court.

## I

### Facts and Procedural History

Midland filed two separate civil book-account actions in Third Division District Court alleging that Raposo owed Midland, as the assignee of Chase Bank USA, N.A., the unpaid balance due on two credit-card accounts. The first complaint sought to recover the sum of $2,200.82 plus

costs. Raposo answered the complaint with a letter in which she "den[ied] any and all statements set forth in [her] name" within Midland's complaint and stated she had "no recollection or knowledge of" the claims asserted against her. Midland filed a motion for summary judgment. Raposo did not file an objection to the motion. The District Court granted Midland's motion.

The second complaint sought to recover the sum of $9,705.78 from a different credit-card account in Raposo's name. Raposo answered in a letter which stated that she had "no knowledge of this complaint[.]" Midland filed a motion for summary judgment, to which Raposo again did not file an objection. The District Court granted Midland's motion.

Raposo appealed to the Superior Court from the judgments in both cases. Midland filed a motion for summary judgment in each appeal, to which Raposo objected, attaching identical affidavits in which she stated that, "[t]o the best of [her] knowledge," she had never opened the accounts at issue or used the credit cards. Midland filed responses to Raposo's objections, including billing records that detailed purchases and payments made by Raposo on both accounts.

The hearing justice consolidated the cases for argument. After reviewing the record and hearing arguments, the hearing justice found that Raposo's affidavit was not sufficient to create a genuine issue of material fact. The hearing justice reasoned that, without more than a "self-serving" statement that Raposo did not recall opening these accounts or using the credit cards, there was no basis upon which he could find an issue of fact as to the ownership of the accounts. Accordingly, the hearing justice granted summary judgment as to each of the two book-account claims, and final judgments were entered in favor of Midland for the full balance of each account plus costs. Raposo filed a timely notice of appeal from each judgment, and we consolidated the appeals before oral argument.

## II

## Standard of Review

This Court reviews the grant of a motion for summary judgment *de novo*. *DiBattista v. State*, 808 A.2d 1081, 1085 (R.I. 2002). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *American Express Bank, FSB v. Johnson*, 945 A.2d 297, 299 (R.I. 2008) (brackets omitted) (quoting *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I. 2005)). "[A] litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Tanner v. Town Council of East Greenwich*, 880 A.2d 784, 791 (R.I. 2005)).

## III

## Discussion

Raposo argues that the trial justice erred in granting Midland's motion for summary judgment as to both book-account cases because, she asserts, she has set forth facts that established a genuine issue of material fact as to whether the credit-card accounts were in fact her accounts. Midland counterargues that Raposo's affidavit constituted only a conclusory denial and therefore was insufficient to give rise to a genuine issue of material fact.

Raposo asserts that her affidavit, in which she disclaims any memory of opening or using the credit-card accounts, created an issue of fact as to whether the accounts at issue were hers. However, it is well established that there is "an affirmative duty" on Raposo, as the adverse party responding to a motion for summary judgment, "to set forth facts showing that there is a genuine

issue of fact that will be resolved at trial. Such party must act diligently and in good faith to rebut the evidence presented in support of the motion." *American Express Bank*, 945 A.2d at 300 (quoting *Egan's Laundry & Cleaners, Inc. v. Community Hotel Corporation of Newport*, 110 R.I. 719, 723, 297 A.2d 348, 351 (1972)). The mere assertion that there are circumstances which, if believed, would serve to nullify Midland's claim without any factual context is insufficient to place Raposo beyond the reach of summary judgment. *See Egan's Laundry & Cleaners*, 110 R.I. at 723, 297 A.2d at 351.

Raposo's reliance on *Mitchell v. Mitchell*, 756 A.2d 179 (R.I. 2000), in which this Court held that it could not pass on the weight or the credibility of evidence, even if weak or improbable, is misplaced. In *Mitchell*, the Court found that there was a genuine issue of material fact as to whether a mother and her son had forgiven a debt owed by the mother's other son (the debtor) to the family trust. *Mitchell*, 756 A.2d at 185. To establish the existence of a material fact, the debtor put forth his own deposition testimony and authored an affidavit that described the conversation in which his mother allegedly orally forgave the debt owed to the family trust. *Id.* at 184-85. The debtor also put forth the affidavit of his wife, which alleged that she was present when the mother orally waived the debt. *Id.* at 184. Moreover, the debtor pointed to context and clear assertions of fact in the record, including that the debtor's mother gifted a deed to family property to her other son in an effort to reimburse him for the debt owed by the debtor. *Id.* at 184-85. The debtor asserted that, when the other son accepted the property, he impliedly waived his brother's (the debtor's) debt to the trust. *Id.* Lastly, the debtor put forth the affidavit of his mother's close friend as support that his mother gifted the property to her nondebtor son to "equal * * * out" the funds gifted to each son. *Id.* at 183. The Court found that, however weak or improbable the debtor's assertions

of "gift-giving" and "loan-forgiveness" appeared, enough evidence was asserted to create a genuine issue of fact. *Id.* at 185.

Here, in support of its motions for summary judgment, Midland presented billing records and credit-card statements that detailed both purchases and payments made on the credit-card accounts at issue. Those billing statements were addressed to Raposo at her home address. Raposo's affidavit did not challenge any of the evidence presented in support of Midland's motion and so failed to establish a material factual dispute to be resolved by a trier of fact. Raposo also failed to make any additional argument that she had not received the billing statements or provide any evidence to contest her liability as to the account balances. That Raposo was unable to remember opening credit-card accounts or using said credit cards to make purchases does not create a factual dispute regarding ownership of the accounts at issue. As such, Raposo failed to establish a genuine issue of material fact in these cases.

## IV

## Conclusion

For the reasons stated in this opinion, we affirm the judgments of the Superior Court and remand the papers to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Midland Funding LLC, assignee of Chase Bank USA, N.A. v. Tammy Turcotte Raposo. |
| **Case Number** | No. 2019-36-Appeal. (KD 18-58) No. 2019-38-Appeal. (KD 18-59) |
| **Date Opinion Filed** | December 17, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: Kara Thorvaldsen, Esq. Paul G. Manning, Jr., Esq. |
| | For Defendant: Stephen A. Robinson, Esq. |

SU-CMS-02A (revised June 2016)